PEOPLE v WESLEY

Docket No. 79299. Submitted October 10, 1985, at Lansing.—Decided
    November 22, 1985.

    James H. Wesley was convicted of criminal sexual conduct in the
    first degree following a jury trial in Bay Circuit Court, William
    J. Caprathe, J., and was sentenced to a prison term of from 40
    to 60 years. Defendant appealed. *Held:*

        1. Defendant's failure to object to the trial court's refusal to
    allow the jurors to ask questions of one of the witnesses
    precludes appellate review in that no miscarriage of justice has
    been shown.

        2. The jury instructions relative to how the jury should deal
    with conflicting evidence, taken as a whole, adequately in-
    formed the jury of the applicable law.

        3. The trial court did not impermissibly consider defendant's
    denial of his guilt in imposing sentence.

        4. The trial court properly considered the information indi-
    cating that defendant had engaged in the molestation of chil-
    dren on prior occasions, even though those prior incidents did
    not result in convictions, since the defendant, when given an
    opportunity, did not refute that information contained in the
    presentence report.

        5. The trial court set forth adequate reasons for its deviation
    from the sentence range which was calculated under the sen-
    tencing guidelines. The sentence imposed by the trial court
    does not shock the judicial conscience.

        6. While the trial court could properly order the retention of
    defendant's cash bond for payment of defendant's attorney fees,
    the portion of the court's order retaining the cash bond for the

REFERENCES
Am Jur 2d, Appeal and Error §§ 545 *et seq.*
Am Jur 2d, Attorneys at Law §§ 237 *et seq.*
Am Jur 2d, Criminal Law §§ 525 *et seq.,* 588, 589.
Am Jur 2d, Trials § 925.
Validity and effect of contract for attorney's compensation made
    after inception of attorney-client relationship. 13 ALR3d 701.
See also the annotations in the ALR3d/4th Quick Index under
    Sentence and Punishment.

payment of any fines is improper, since the court was without authority to impose a fine in this case.

Affirmed in part; modified in part.

1. CRIMINAL LAW — APPEAL — PRESERVING QUESTION.

The failure of a criminal defendant to object to a trial court's refusal to allow the jurors to ask questions of a witness precludes appellate review unless a miscarriage of justice would otherwise result.

2. JURY — JURY INSTRUCTIONS.

Jury instructions must be read as a whole on appeal and not extracted piecemeal in an effort to establish error requiring reversal; reversal is not mandated where the jury instruction given by the court when taken as a whole adequately informed the jury of the applicable law.

3. CRIMINAL LAW — SENTENCING.

A trial court in determining whether a sentence of short duration should be imposed may consider the probability of rehabilitation; in determining the likelihood of rehabilitation efforts, the court may consider whether the defendant has accepted the fact that he has a problem which requires rehabilitation.

4. CRIMINAL LAW — SENTENCING.

A trial court has wide discretion in imposing a sentence and may consider other criminal activity for which no conviction resulted where the defendant is given opportunity for refutation; however, the court may not make an independent finding of a defendant's guilt on another charge.

5. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

The Court of Appeals will not overturn a sentence which does not fall within the sentencing guidelines range where the trial court has given adequate reasons for departing from the sentencing guidelines range and the sentence imposed does not shock the judicial conscience.

6. CRIMINAL LAW — BONDS — ATTORNEY FEES.

A trial court may order that the cash bond of a convicted criminal defendant be retained and applied to the payment of the defendant's attorney fees.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud)*, for defendant on appeal.

Before: GILLIS, P.J., and CYNAR and R. L. EV-ANS,* JJ.

PER CURIAM. Defendant appeals as of right from his March 21, 1984, jury conviction for criminal sexual conduct in the first degree, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). Defendant was sentenced to a prison term of from 40 to 60 years.

This case involves an incident which occurred at defendant's apartment located on Van Buren in Bay City on August 13, 1983. The complainant, Melissa Wright, testified that she was seven years old and was playing in the park near defendant's apartment when she decided to go to defendant's apartment for some popcorn. When defendant answered the door, she in fact asked him for some popcorn. However, at some point that afternoon, defendant took his penis out of his pants and placed in in Melissa's mouth. According to Melissa, defendant also touched her in the vaginal area. Two other witnesses, both age seven, testified that they witnessed the offense in question.

Defendant, age 57, testified that Melissa did come to his house on the day in question and asked for some popcorn. Defendant, however, denied any sexual contact with Melissa.

Defendant raises six issues on appeal, none of which require reversal.

Defendant first argues that the trial court erred in ruling that jurors could not ask questions during the presentation of evidence.

Defendant's failure to object to the trial court's refusal to allow the jurors to ask questions of the

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

witness precludes appellate review, unless a miscarriage of justice would otherwise result. *People v Charles,* 58 Mich App 371, 378-379; 227 NW2d 348 (1975), *lv den* 397 Mich 815 (1976).

The practice of permitting questions to witnesses propounded by jurors is within the sound discretion of the trial court. *People v Heard,* 388 Mich 182; 200 NW2d 73 (1972). In this case, at the time the jury asked permission to ask the seven-year-old witness, Sampson, a question, the witness had just been sworn in. The trial judge ruled that "at least for the time being" he was not going to entertain questions from the jury. The trial court's ruling did not preclude the jury from asking witnesses questions at a later time during the trial. While it would have been a better practice to establish on the record the content of the jury's question of the witness, we conclude that no miscarriage of justice resulted from the trial court's ruling.

Defendant also argues that the trial court committed an error requiring reversal by refusing to give CJI 3:1:12 (Witnesses—Conflicting Testimony) in its entirety. The court deleted subparagraph (3) from its instruction.

CJI 3:1:12(3), as it existed at the time of the trial in this case, read as follows:

"(3) However, if you have a reasonable doubt as to which testimony you believe, it is your duty to accept the testimony favorable to the defendant."

Jury instructions must be read as a whole, *People v Johnson,* 93 Mich App 667, 670; 287 NW2d 311 (1979), and not extracted piecemeal in an effort to establish error requiring reversal. *People v Choate,* 88 Mich App 40, 45; 276 NW2d 862 (1979), *lv den* 406 Mich 940 (1979).

The omission of subparagraph (3) did not remove an issue from the jury's consideration. The trial court instructed the jury on its role in evaluating the testimony for weight, believability and credibility. Our review of the record indicates that the jury was given the greater portion of the requested instruction and that the trial court fully instructed the jury on the burden of proof beyond a reasonable doubt. We therefore conclude that the instructions, taken as a whole, adequately informed the jury of the applicable law. *People v Stewart,* 126 Mich App 374; 337 NW2d 68 (1983).

Defendant next argues that the trial court impermissibly considered his denial of guilt in imposing sentence.

Our review of the record indicates that the trial court's consideration was not contrary to *People v Yennoir,* 399 Mich 892 (1977). The trial court merely stated that defendant's failure to accept the fact that he has a problem suggested that rehabilitation would not be forthcoming and that, therefore, the sentence should not be reduced.

The next issue raised by defendant involves the trial court's consideration of uncharged crimes in determining defendant's sentence.

"A trial judge has wide discretion in imposing a sentence, and may consider other criminal activity for which no conviction resulted, provided the defendant is given an opportunity for refutation"; however, the trial judge may not make an independent finding of a defendant's guilt on another charge. *People v Carter,* 128 Mich App 541, 550-551; 341 NW2d 128 (1983).

In the present case, the trial court indicated that it considered information that defendant had molested other children on previous occasions. This information was apparently derived from the presentence report. Before imposing sentence, the

trial court specifically inquired as to whether defendant and defense counsel had an opportunity to review the presentence report and whether there were any corrections to be made to it. Defendant raised no objection to the allegations in the presentence report that he had engaged in prior criminal sexual conduct which did not result in conviction. Under the circumstances, we find no error in the trial court's consideration of the uncharged crimes in determining defendant's sentence.

Next, defendant argues that the trial court abused its discretion in departing from the sentencing guidelines. We disagree.

The recommended sentence range under the guidelines is three to six years (36 to 72 months) to life. The sentence imposed by the trial court is 40 to 60 years. The Sentencing Information Report (SIR) lists the following reasons for the trial court's departure from the sentencing guidelines: 1) the fact that defendant had a history of past sexual contact with his daughters, complainant and complainant's sister, and 2) the fact that defendant had threatened his son with a shotgun. The sentencing transcript additionally indicates that the trial court was convinced that society needed to be protected from defendant. The trial court further indicated that others should be deterred from committing like offenses and that defendant had to be disciplined for committing the charged offense. We conclude that the trial court's reasons for departing from the sentencing guidelines were adequate. The sentence imposed by the trial court does not shock the judicial conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Defendant's final argument involves the trial court's order dated May 1, 1984, which indicates

that defendant's $1,000 cash bond may be applied to fines, costs and attorney fees. Because the trial court was without authority to impose a fine in this first-degree criminal sexual conduct case, see MCL 750.520b(2); MSA 28.788(2)(2), we modify the lower court's order to permit retention of the $1,000 only for payment of attorney fees.

Affirmed in part and modified in part.