PEOPLE v JOHNSON

Docket No. 91364. Submitted May 5, 1987, at Lansing. Decided
    December 7, 1987.

Bruce Lee Johnson was convicted of third-degree criminal sexual
    conduct, Bay Circuit Court, Eugene C. Penzien, J. Defendant
    appealed, alleging error in the court's denial of his motion for a
    mistrial based on jury partiality, in the court's reprimanding
    defendant during cross-examination, that the charge was wrong
    since the evidence to support fellatio showed no penetration but
    only contact with the defendant's lips, and in failure to indorse
    and produce two res gestae witnesses. In addition, defendant
    argues that he should be resentenced because the court heard
    testimony during the sentencing proceeding about a pending
    first-degree criminal sexual conduct charge and that the cumu-
    lative effect of the trial court's errors deprived him of a fair
    trial.

    The Court of Appeals held:

    1. A trial court's determination of a juror's ability to render
    an impartial verdict may be reversed only where an appellate
    court finds a clear abuse of discretion. The Court of Appeals
    found no abuse of discretion. The court did not err in denying
    defendant's motion for a mistrial.

    2. Trial judges have a duty to control trial proceedings, with
    wide powers of discretion in fulfilling this duty. Reversal is not

REFERENCES

Am Jur 2d, Appeal and Error § 47.
Am Jur 2d, Criminal Law §§ 527, 528, 599.
Am Jur 2d, Evidence §§ 715, 723.
Am Jur 2d, Jury and Jury Trial §§ 30, 31, 96 et seq.; 573 et seq.
Am Jur 2d, Sodomy §§ 19-24.
Stranger's communication with jury in federal criminal case as
    prejudicial. 1 L Ed 2d 1849.
Validity of statute making sodomy a criminal offense. 20 ALR4th
    1009.
Court's right, in imposing sentence, to hear evidence of, or to
    consider, other offenses committed by defendant. 96 ALR2d 768.
See also the annotations in the Index to Annotations under Crimi-
    nal Law, Jury and Jury Trial, Sex and Sexual Matters, Sodomy,
    and Witnesses.

warranted unless the judge pierces the veil of judicial impartiality by commenting in such a way as to unduly influence the jury and deprive defendant of a fair trial. The court was merely exercising control over the proceedings in reprimanding defendant. Reversal is not warranted on that ground.

3. Fellatio is defined generally as oral stimulation of the penis or a sexual activity involving oral contact with the male genitals but does not require an actual intrusion, since the activity is as offensive to the victim and society as is forcible penetration. The charge was supported by the evidence and the court's instructions on the issue were proper.

4. The court's determination that the witnesses were not res gestae witnesses was not clearly erroneous.

5. The court did not err in sentencing defendant.

6. Defendant was not denied a fair trial.

Affirmed.

M. J. KELLY, J., dissented. He believed that fellatio requires penetration and would hold that the trial court erred in failing to quash the information. He would reverse.

1. JURY — APPEAL — QUALIFICATIONS OF JUROR.
   A trial court's determination of a juror's ability to render an impartial verdict may be reversed only where an appellate court finds a clear abuse of discretion.

2. CRIMINAL LAW — MISTRIAL — APPEAL.
   The grant or denial of a motion for mistrial rests in the sound discretion of the trial judge and relief is merited only after a finding of abuse of that discretion; to find error requiring reversal, a trial court's denial of a defendant's motion for mistrial must constitute abuse so gross that it deprived the defendant of a fair trial and resulted in a miscarriage of justice.

3. CRIMINAL LAW — JURY — PREJUDICE.
   Error sufficient to warrant reversal will not be presumed merely because a juror is exposed to prejudicial remarks made by a stranger or bystander; the error must appear affirmatively and prejudice must be shown.

4. TRIAL — JUDICIAL CONDUCT — APPEAL.
   Trial judges have a duty to control trial proceedings, with wide powers of discretion in fulfilling this duty; reversal is not warranted unless the judge pierces the veil of judicial impartiality by commenting in such a way as to unduly influence the jury and deprive defendant of a fair trial.

5. Rape — Criminal Sexual Conduct — Fellatio.

Fellatio is defined generally as oral stimulation of the penis or a
sexual activity involving oral contact with the male genitals
but does not require an actual intrusion, since the activity is as
offensive to the victim and society as is forcible penetration;
oral is defined as relating to the mouth and the mouth includes
the lips.

6. Trial — Jury Instructions — Appeal.

There is no basis for reversal where the instructions, although
not perfect, in their entirety fairly represented the issues to the
jury and tried sufficiently to protect the rights of the accused.

7. Appeal — Jury Instructions — Preserving Question.

Where no objection is raised to alleged errors in jury instructions,
a verdict will not be set aside unless the omissions or error
resulted in a miscarriage of justice.

8. Appeal — Witnesses — Res Gestae Witnesses.

A trial court's ruling as to the status of an alleged res gestae
witness will not be reversed on appeal unless clearly erroneous
—that is, where, upon review of the entire record, this Court is
left with the definite and firm conviction that a mistake has
been made.

9. Criminal Law — Witnesses — Res Gestae Witnesses.

A res gestae witness is one who was witness to some event in the
continuum of a criminal transaction and whose testimony will
aid in developing a full disclosure of the facts surrounding the
alleged commission of the charged offense; one need not be an
actual eyewitness in order to be a res gestae witness if his or
her testimony would assist in developing a full disclosure of the
facts.

10. Criminal Law — Sentencing.

The trial court has wide discretion in sentencing and may con-
sider defendant's other criminal activity that did not result in
conviction if defendant has a chance to refute the information.

11. Criminal Law — Sentencing Guidelines.

The use of the sentencing guidelines when imposing a sentence
for an offense included in the guidelines is mandatory, but
imposing a sentence based on the recommenced ranges of the
sentences is not; a judge may depart from the recommended
minimum range for the reasons, and in the manner, prescribed
by the guidelines.

12. TRIAL — FAIR TRIAL — CUMULATIVE ERRORS.

The totality of errors in a trial may justify reversal even though no single error does of itself where the defendant is denied a fair trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Patterson, Gruber & Kennedy* (by *Richard O. Milster*), for defendant.

Before: WEAVER, P.J., and M. J. KELLY and J. R. KIRWAN,* JJ.

WEAVER, P.J. Following a jury trial, defendant was found guilty of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). He was sentenced to from ten to fifteen years in prison. Defendant appeals his conviction and sentence as of right. We affirm.

I

Defendant first argues that jury bias denied him a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by the Michigan Constitution, Const 1963, art 1, § 20, and that the trial court's denial of his motion for a mistrial was an abuse of discretion. We disagree.

The trial court's finding that a juror has the ability to render an impartial verdict may only be reversed for clear abuse of discretion. *People v Roupe,* 150 Mich App 469, 474; 389 NW2d 449 (1986), lv den 426 Mich 863 (1986). Similarly, the trial court's discretionary decision regarding a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion for a mistrial will only be reversed for
abuse—error so gross that it deprived the defen-
dant of a fair trial and resulted in a miscarriage of
justice. *People v Green,* 131 Mich App 232, 236;
345 NW2d 676 (1983). It is true that a mistrial
may be granted where one or more jurors are
shown to be biased against a defendant. *People v
Johnson,* 103 Mich App 825, 830; 303 NW2d 908
(1981), lv den 417 Mich 962 (1983). However, error
requiring reversal is not presumed merely because
a juror has been exposed to prejudicial remarks
about a defendant made by a stranger or passer-
by, but only occurs where actual prejudice can be
shown. The mere possibility of prejudice is insuffi-
cient. MCL 768.10; MSA 28.1033. *People v Hayes,*
126 Mich App 721, 729; 337 NW2d 905 (1983).
*People v Dean,* 103 Mich App 1, 5; 302 NW2d 317
(1981).

We find no abuse of discretion, either in regard
to the trial court's ruling on jury impartiality or
in regard to its denial of the motion for a mistrial.[1]

[1] One of the jurors, Dean Fenwick, had asked to be excused from
jury duty because of prejudicial information about defendant. When
questioned, Fenwick said that Arlene Heppner (a prospective juror for
another trial) had told him in the judge's deliberation room, during
recess in voir dire for the instant case, that defendant was kicked out
of her bowling alley for following little boys into the restroom.
However, when the trial court, the prosecutor and defense counsel
questioned Mrs. Heppner under oath, Mrs. Heppner maintained that,
although her husband had contacted the police about defendant's
activities, she had not told Fenwick about defendant's being kicked
out; rather, she had only told him that she knew defendant as a
customer at the bowling alley. She also maintained that Fenwick had
told her that he had seen defendant at the bowling alley before. She
asserted that she never said anything to any of the other jurors.

The prosecutor and defense counsel agreed to excuse Fenwick.
Upon questioning the jury, each juror denied having overheard Fen-
wick's conversation or having acquired any information about the
case before, during or after jury selection. When defense counsel
presented Mrs. Heppner to the jury as a memory refresher, the jury's
response remained unchanged. Both attorneys were satisfied with the
jurors' responses, and declined further questioning.

However, defense counsel then moved for a mistrial on grounds

Since there is no showing that any jurors overheard or learned anything adverse about defendant outside of courtroom testimony, there is no showing of juror prejudice or bias. *Hayes, supra.* Hence there is no basis for finding that the trial court abused its discretion in its ruling on jury impartiality. Although defense counsel contends that the trial court denied his in-chambers request to individually voir dire the jury, counsel never objected on the record to this denial, and declined to further question the jury when invited to do so. Defense counsel's only request was that the trial court engage in a general inquiry and present the informant, Mrs. Heppner, to jog the memories of the individual jurors. The trial court complied with this request. Hence there is no basis for finding abuse of discretion in the trial court's denial of defendant's motion for mistrial.

II

Defendant also argues that the trial court committed error requiring reversal by reprimanding defendant during cross-examination. This argument is without merit. Trial courts have a duty to control trial proceedings, with wide powers of discretion in fulfilling this duty. MCL 768.29; MSA 28.1052. *People v Burgess,* 153 Mich App 715, 719; 396 NW2d 814 (1986). Reversal is not warranted unless the judge "pierces the veil of judicial impartiality" by commenting in such a way as to unduly

that the conversation had taken place in cramped quarters with a large number of people present and that, because Heppner's statement conflicted with Fenwick's, Heppner's statement was untrustworthy. When denying the motion for mistrial, the trial judge stated his belief that all thirteen jurors could not have been mistaken or lying. As between Heppner and Fenwick, the judge chose to believe Heppner, because Fenwick did not want to serve as a juror and could have confused his sources of information.

influence the jury and deprive defendant of a fair trial. *Id.*

The record is clear that the trial court was merely exercising control over the proceedings to see that defendant's testimony did not wander from the facts in repeated unresponsive answers on cross-examination. Defendant had accused the prosecutor's chief witness, the fourteen-year-old boy who was the victim in this case, of having been caught selling marijuana at school, although defendant conceded that he had no basis for this assertion. When defense counsel asked the judge to assist defendant in answering questions in order to prevent the prosecutor from arguing with defendant, the judge admonished defendant in clear and certain terms. This the judge was entitled to do in fulfilling his duty to control the proceedings. Hence his reprimand of defendant did not "pierce the veil of judicial impartiality" and did not deny defendant a fair trial.

III

Likewise without merit is defendant's next argument, which he had previously presented at the motion to quash—that a "kiss" only involves the "lips," that the "lips" are not part of the "mouth," and that therefore at the preliminary examination insufficient evidence of "fellatio" existed to establish "sexual penetration" in order to bind defendant over on a charge of third-degree criminal sexual conduct.

We find this argument unpersuasive. The distinction is meaningless when determining whether oral stimulation of a penis occurred.

The "sexual penetration" defined by the third-degree criminal sexual conduct statute, MCL 750.520d; MSA 28.788(4), includes "fellatio . . . or

any other intrusion, however slight, of any part of a person's body." MCL 750.520a(1); MSA 28.788(1). Fellatio is defined generally as "oral stimulation of the penis" or "a sexual activity involving oral contact with the male genitals," but does not require an actual intrusion, since the activity is as offensive to the victim and society as is forcible penetration. *People v Camon,* 110 Mich App 474, 487; 313 NW2d 322 (1981), lv den 414 Mich 859 (1982). "Oral" is defined as "relating to the mouth." *Stedman's Medical Dictionary* 21st edition, p 1132. "Mouth" is defined as "the system of related organs including the lips." *The American Heritage Dictionary,* 2d college edition, p 818.

It is impossible to conceive that, when an adult "kisses" the penis of a fourteen-year-old child, such activity does not constitute "fellatio." Whether "lips" are considered part of the mouth or only related to the mouth, use of the lips on a penis certainly falls within the definition of "fellatio"—"oral stimulation of the penis" or "a sexual activity involving oral contact with the male genitals,"—since lips are, concededly, at least related to the mouth.[2] This emphasis on using the "lips" to define kissing a penis as constituting "fellatio" is consistent with the belief that such contact is as offensive to a victim and society as is a forcible penetration. *Camon, supra.*

Thus the evidence at the preliminary examination indicating that defendant kissed the victim's penis was sufficient to support the amended information charging defendant with fellatio in violation of the third-degree criminal sexual conduct statute. The trial court properly denied defendant's motion to quash.

---

[2] We note in passing that defendant's allusions to general committee comments of the Criminal Jury Instructions are not binding on this Court. *People v Petrella,* 424 Mich 221, 277; 380 NW2d 11 (1976).

IV

Defendant next argues that error requiring reversal occurred in the trial court's jury instruction for third-degree criminal sexual conduct. Defendant's argument is essentially the same as that set forth in the previous issue. Defendant argues that, since the "lips" are not part of the "mouth," no sexual penetration occurred because defendant's "mouth" never came in contact with the victim's penis, and therefore the standard jury instruction for third-degree criminal sexual conduct (CJI 20:4:02) was inadequate.

We find no error in the court's instruction. As shown in analysis of the previous issue, contact between defendant's "lips" and the victim's penis was sufficient to establish the sexual penetration needed for fellatio and third-degree criminal sexual conduct. Hence the instruction was not erroneous when stating that the prosecutor must establish beyond a reasonable doubt that defendant's "mouth" came in contact with the victim's penis. To hold otherwise would contravene established law by extracting piecemeal one word from the jury instructions to find error requiring reversal. *People v Wesley,* 148 Mich App 758, 761; 384 NW2d 783 (1985). Although the instruction was not perfect, there is no basis for reversal where the instructions in their entirety fairly presented the issues to the jury and tried sufficiently to protect the rights of the accused. *People v Federico,* 146 Mich App 776, 785; 381 NW2d 819 (1985), lv den 425 Mich 867 (1986). Further, defense counsel never objected to the instruction at trial; hence the alleged error does not require reversal absent a miscarriage of justice. *Id.,* pp 784-785. MCL 769.26; MSA 28.1096. MCR 2.516(C). No miscarriage of justice is apparent here.

V

Defendant next argues that the trial court erred in denying his motion to indorse two witnesses as res gestae witnesses.

Although defense counsel was made aware at the preliminary examination of the existence of the two younger boys who were with the victim when he first separated himself from his friends and approached defendant, the record discloses no attempts by defense counsel at that time to have the boys indorsed and produced by the prosecutor. It was not until after the trial court denied defendant's motion for a mistrial that defense counsel moved to indorse and produce the two boys. Defense counsel argued that the boys could testify about the victim's condition and potential prior inconsistent statements.

When denying the motion, the trial court noted that the victim's condition when he left was not relevant because the victim had left with defendant voluntarily, the incident occurred several hours after the victim and defendant left together, and defense counsel could just as easily have asked the victim's friends about his condition. The court also noted that defense counsel had made no effort to contact the two boys.

A trial court's ruling as to the status of an alleged res gestae witness will not be reversed on appeal unless clearly erroneous—that is where, upon review of the entire record, this Court is left with the definite and firm conviction that a mistake has been made. *People v Lamar,* 153 Mich App 127, 138; 395 NW2d 262 (1986).

Here, we are not left with the definite and firm conviction that the trial court was mistaken in ruling that the two boys were not res gestae

witnesses.[3] Defendant's argument indicates that his purpose in seeking indorsement and production of the two witnesses was merely to attack the victim's credibility rather than to have the boys testify about facts surrounding commission of the offense. There is no evidence that the boys ever overheard the conversation between defendant and the victim. Defendant himself testified that they never heard anything. The incident at issue occurred at a different location, hours after defendant and the victim had left the area. Thus the trial court's ruling that the two boys were not res gestae witnesses is not clearly erroneous.

VI

Defendant argues that he should be resentenced because the trial court heard testimony about a pending charge of first-degree criminal sexual conduct during the sentencing proceeding.

The trial judge held two sentencing hearings. At the first hearing, the prosecutor noted that there was a charge of first-degree criminal sexual conduct pending against defendant, to which charge defendant stood mute. When defense counsel objected to the court's consideration of such information, the trial court held an evidentiary hearing to ascertain its validity and heard testimony from the alleged victim in the pending first-degree criminal sexual conduct case.[4]

---

[3] A res gestae witness is an eyewitness to some event in the continuum of a criminal transaction whose testimony would aid in developing full disclosure of the facts surrounding the alleged commission of an offense. *People v Baskin,* 145 Mich App 526, 530-531; 378 NW2d 535 (1985). The witness need not be an eyewitness to the actual criminal event in order to be a res gestae witness. *Id.* It is the prosecutor's duty to indorse and produce at trial all res gestae witnesses. *Id.* MCL 767.40; MSA 28.980.

[4] When imposing sentence, the trial court also noted defendant's two previous sexually-related offenses in 1977 and 1979. Defendant

The trial court had wide discretion in sentencing and could consider defendant's other criminal activity that did not result in conviction if defendant had a chance to refute the information. *Wesley, supra* at 762-763. Here, defendant had a chance to refute the information but stood mute. Because defendant's silence could be construed as a denial of the charge, the trial court properly held an evidentiary hearing to ascertain the validity of the information. *People v Naugle,* 152 Mich App 227, 238; 393 NW2d 592 (1986). Even so, the testimony adduced at this hearing was not considered by the trial judge in imposing sentence.

Use of the sentencing guidelines is mandatory, but imposing sentence based on the recommended ranges is not. *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985). The sentencing judge may deviate from these guidelines if he finds them inappropriate. *People v McLeod,* 143 Mich App 262; 372 NW2d 526 (1985). Here, the judge found the guidelines inappropriate, stating on the record that relevant factors were punishment and the protection of society. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). The sentence imposed does not exceed the statutory maximum, is not excessive, and does not shock our conscience. *Id.*

VII

Defendant's final argument is that the cumulative effect of trial court errors deprived him of a fair trial. It is true that, while a single error may not of itself justify reversal, the totality of errors may justify reversal if defendant is denied a fair trial. *People v Morris,* 139 Mich App 550, 563; 362 NW2d 830 (1984). However, a defendant is not

only challenges the trial court's consideration of the pending first-degree criminal sexual conduct charge.

entitled to a perfect trial, only a fair one. *People v Missouri,* 100 Mich App 310, 325; 299 NW2d 346 (1980).

Defendant in this case was not denied a fair trial, because none of defendant's arguments have been persuasive to this Court. Defendant showed no jury prejudice. The trial court's cautioning of defendant during cross-examination was not erroneous. The trial court did not err in denying defendant's motion to quash the information. The trial court's instruction to the jury on the charge of third-degree criminal sexual conduct did not amount to error requiring reversal, and any possible error was harmless beyond a reasonable doubt because no juror would have voted for acquittal. *People v Christensen,* 64 Mich App 23, 32-33; 235 NW2d 50 (1975), lv den 397 Mich 839 (1976). The trial court did not err in determining that the two younger boys were not res gestae witnesses.

Affirmed.

J. R. KIRWAN, J. concurred.

M. J. KELLY, J. *(dissenting).* I believe the trial court erred in failing to quash the information pursuant to defendant's motion timely made prior to trial.

Defendant was charged with third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), which provides:

> (1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exists:
> (a) That other person is at least 13 years of age and under 16 years of age.

Both third-degree criminal sexual conduct and

first-degree criminal sexual conduct utilize the statutory definition for the phrase "sexual penetration" contained in MCL 750.520a(l); MSA 28.788(1):

> "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

The amended information charged that defendant engaged in sexual penetration to-wit: fellatio with another person who was fourteen years of age. The only evidence of sexual penetration presented at the preliminary examination held on May 10, 1985, was (1) that defendant touched the victim's penis and (2) "he kissed me there." That establishes contact but not penetration. Another panel of this Court has recently explored this issue. In *People v Harris*, 158 Mich App 463, 469; 404 NW2d 779 (1987), the Court noted the definition of fellatio:

> That is defined in *Dorland's Illustrated Medical Dictionary, 23d ed,* as: "The act of taking the penis into the mouth." Obviously, by definition, fellatio includes the necessity of a penetration. *Webster's New Collegiate Dictionary* indicates similarly that the word indicates "to suck" or "oral stimulation of the penis."

MCL 750.520a(k); MSA 28.788(1)(k) defines sexual contact as follows:

> (k) "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can

reasonably be construed as being for the purpose of sexual arousal or gratification.

Penetration is defined in the next section, (1), *supra* and requires some "intrusion." *Webster's New Collegiate Dictionary* defines kiss: (verb) "to touch with the lips . . . "; (noun) "a caress with the lips." It is an exercise in casuistry to equate contact with penetration or intrusion . Moral outrage makes high sounding but inappropriate justification. Courts are diffident in grappling with these concepts, and understandably so. In *People v Hicks,* 98 Mich 86, 90; 56 NW 1102 (1893), the Court commented on an indecent liberties statute:

> In this case as in *State v Millard,* 18 Vt [574] 577 [1846], it may be said that "no particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." The prosecution in that case was for indecent exposure of the person.

In order to deny defendant's motion to quash the trial court had to determine that a kiss of the penis amounts to fellatio in violation of MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). To do so blurs the distinction between contact and penetration. There is no testimony here or evidence to support any penetration, however slight, and I think therefore the defendant was wrongly charged. To the extent that *People v Camon,* 110 Mich App 474; 313 NW2d 322 (1981), lv den 414 Mich 859 (1982),

and *People v Sommerville*[1] 100 Mich App 470; 299
NW2d 387 (1980), lv den 417 Mich 1022 (1983), are
read to define fellatio as including any oral contact
with the male genitals, I think they are wrongly
decided. It is akin to defining intercourse as con-
tact between male and female genitals. A charge
of gross indecency would have been supported by
the evidence here, MCL 750.338b; MSA 28.570(2).[2]
The motion to quash should have been granted.

I would reverse.

---

[1] The analysis made here does not apply to cunnilingus. I think the
*Sommerville* Court correctly determined that the oral contact for
cunnilingus is sufficient because by definition, penetration is not
required. Contrary to that Court's dicta "The same is true of
fellatio . . . ," 110 Mich App 480, the same is *not* true of fellatio.

[2] *People v Dexter*, 6 Mich App 247; 148 NW2d 915 (1967), and
*People v Howell*, 396 Mich 16; 238 NW2d 148 (1976). Neither side has
briefed the feasibility of attempt charges.