PEOPLE v WELSH

Docket No. 107764. Submitted October 20, 1988, at Lansing. Decided December 5, 1988.

Thomas Albert Welsh was convicted on his plea of guilty of second-degree criminal sexual conduct, Clinton Circuit Court, Randy L. Tahvonen, J. Prior to sentencing, an evidentiary hearing was conducted in response to defendant's claim that the presentence report contained inaccurate and irrelevant information relating to other similar sexual conduct for which defendant was not charged or, if he was, the charges had been dismissed. The court, exceeding the sentencing guidelines, sentenced defendant to a prison term of six to fifteen years. Defendant appealed.

The Court of Appeals *held:*

1. A trial court has wide discretion in sentencing and may consider criminal activity that did not result in conviction so long as the defendant is given an opportunity for refutation. Here, information about defendant's other criminal activities was established at the evidentiary hearing through the testimony of several witnesses and defendant had the opportunity of refutation by cross-examining these witnesses and presenting evidence in his favor.

2. The trial court in this case articulated sufficient reasons for its departure from the sentencing guidelines and the sentence imposed does not shock the conscience of this Court.

Affirmed.

CRIMINAL LAW — SENTENCING.

A trial court has wide discretion in imposing sentence and may consider other criminal activity for which no conviction resulted where the defendant is given an opportunity for refutation.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law § 599.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

*Caruso,* Solicitor General, *Jon Newman,* Prosecuting Attorney, and *Joel A. Gehrke,* Assistant Prosecuting Attorney, for the people.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Bernard F. Finn*), for defendant.

Before: KELLY, P.J., and MACKENZIE and S. B. MILLER,* JJ.

KELLY, P.J. Defendant pled guilty to one count of second-degree criminal sexual conduct, MCL 750.520c(1)(b); MSA 28.788(3)(1)(b), in exchange for the prosecutor dismissing four other counts of second-degree criminal sexual conduct. Defendant's conviction arises out of his sexual touching of a fifteen-year-old boy he employed in his painting business.

Due to defense counsel's objections to the contents of the probation officer's presentence report, the trial court held a two-day evidentiary hearing to determine the accuracy of the allegations in that report. Testimony at this hearing showed that defendant had engaged in a pattern of hiring twelve- to fifteen-year-old boys to work for him in his house painting business, and then used alcohol, money, and favors to entice them into committing sexual acts with him. Defendant also involved a third adult man in some of these sexual activities. Ten boys formerly employed by defendant testified that he attempted to entice them into sexual acts; eight of them testified to sexual touching or contact by defendant. Prior to defendant's sentencing, he had pled guilty to two other charges of second-degree CSC in Ingham County, and had been sentenced to one year in jail plus five years probation. Defendant had been receiving counseling from a

* Circuit judge, sitting on the Court of Appeals by assignment.

psychologist during part of the time he committed sexual offenses.

The sentencing guidelines recommended a minimum sentence of eighteen to thirty-six months. The circuit judge found that the guidelines range did not properly reflect defendant or his crime, pointing out that defendant had engaged in a deliberate, ongoing plan to entice boys and elicit sex, and that he could not ignore defendant's character, the nature of his conduct, or his vast background in this sort of activity. The judge explained his reasoning in the context of the four sentencing factors listed in *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983): that defendant should be punished by a penalty in proportion to his offense; that defendant has to be deterred from the same conduct in the future; that defendant has failed to reform his behavior through counseling and that a prison sentence was necessary to prompt his reform and rehabilitation; and that the court needs to protect defendant's victims, a vulnerable part of the community, from defendant. The court sentenced defendant to serve six to fifteen years in prison. Defendant appeals his sentence as of right. We affirm.

Defendant first argues that the sentencing court erred by improperly considering criminal activity by defendant which was never charged, other activity for which charges were brought but dismissed, and charges pending which were dismissed as part of the plea agreement. Defendant argues that the trial court made an independent finding of guilt on these other similar offenses, and that this requires reversal of his sentence under *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972). We disagree.

Here, the sentencing judge specifically stated that he was not making any findings of guilt

regarding defendant's other acts of sexual misconduct; instead, he was considering the gravity of defendant's offense and defendant's character in the context of other information regarding defendant's similar behavior. A trial court has wide discretion in sentencing and may consider criminal activity that did not result in conviction so long as the defendant has the opportunity to refute that information. *People v Wesley,* 148 Mich App 758, 762-763; 384 NW2d 783 (1985). The information regarding defendant's other criminal activities was established during two days of testimony by ten witnesses. Defense counsel cross-examined each of these witnesses and had the opportunity to refute their testimony by presenting evidence in defendant's favor. The trial court did not err by considering this evidence regarding defendant's conduct when determining defendant's sentence. Admittedly there is a fine line between weighing or considering the "context" of uncharged criminal activities and the making of an independent finding of guilt with respect to uncharged criminal activities. See *People v Miller,* 165 Mich App 32; 418 NW2d 668 (1987). However, the able sentencing judge here followed the letter of the presentence investigation report statute, MCL 771.14(5); MSA 28.1144(5), by conducting the hearing which was prompted by the defense's challenge to the accuracy of the information. The statute provides as follows:

At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy of any information contained in the presentence investigation report. The court may order an adjournment to permit the parties to prepare a challenge or a response to a challenge. If the court finds that the challenged information is inaccurate or irrelevant, that finding shall be made a part of

the record and the presentence investigation report shall be amended and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections.

The hearing did not aid defendant. The court did not find that the challenged information was inaccurate or irrelevant. However the court took pains to disavow making an independent finding of guilt with regard to the uncharged crimes and to avoid basing his sentence on the same. Judge Tahvonen stated:

I agree . . . that the crime we're called upon to punish is the crime for which the defendant's been convicted. Let's be very clear about this. The government can't shirk its responsibility to investigate and prosecute other crimes by simply lumping them into a sentencing proceeding where a plea is obtained. There are nine other victims. Their cases can be charged. Their cases can be prosecuted, convictions can be obtained and sentences can be imposed by other judges. The government can't take the expedient short cuts simply choosing not to charge those and then asking this court to sentence the defendant for nine other crimes for which he's not been charged, for which he's not been convicted.

In response to defendant's strenuous urging that the court was barred from considering the evidence of the other nine victims, the court ruled that it was entitled to consider defendant's general character and habits:

We're punishing a specific crime, but we're talking about somebody with a vast background. It all has to be considered. Not just the eight-year-old daughter, not just the work record, not just what's good, but everything there that needs to be seen

clearly. Deterrence is important because this is a calculated act and when people calculate acts they take into account risks and benefits. The benefits are perhaps hard for some of us to measure, but it's clear that we can add to the risks through the penalties we impose.

In addressing this issue the prosecutor has put it rather neatly:

There is a time to indulge procedural fictions, and there is a time to execute substantial justice. The sentencing phase is the place for the latter, and the sentencing judge has no obligation to feign ignorance of what is apparent to any reasonable person after two days of testimony from unrelated witnesses. The principle of judicial impartiality does not require a sentencing judge to play the dupe.

Defendant also argues that his six-to-fifteen-year sentence is excessive, disparate, and should shock our judicial conscience so as to require resentencing under *Coles, supra.* We disagree. Although the court exceeded the sentencing guidelines by three years, it gave specific explanations regarding defendant and his crime which required departure from the guidelines. We find these departure reasons adequate under *People v Fleming,* 428 Mich 408, 426; 410 NW2d 266 (1987). The court also discussed the appropriate sentencing criteria under *Coles, supra.* In view of defendant's extensive criminal activity, the nature of his conduct, and his previous failure to reform, defendant's six-to-fifteen-year sentence does not shock our judicial conscience.

Affirmed.