PEOPLE v HUNTER

Docket No. 112263. Submitted February 23, 1989, at Detroit. Decided
    April 3, 1989. Leave to appeal applied for.

William Day Hunter, pursuant to a plea-bargain agreement, pled
    guilty in Macomb Circuit Court to a charge of delivery of less
    than fifty grams of a mixture containing cocaine and was
    sentenced to five to twenty years in prison, Frederick D. Balk-
    will, J. Defendant appealed, arguing that the court abused its
    discretion by exceeding the recommended guidelines sentencing
    range of a minimum of six to twelve months and that his
    sentence should be modified to conform with the sentencing
    guidelines recommendation.

    The Court of Appeals *held:*

    The trial court considered the proper criteria for sentencing
    and clearly articulated its reasons for departure both on the
    record and on the sentencing information report. The sentence
    imposed is not excessively severe in light of the plea bargain.
    The sentence imposed does not shock the conscience of the
    Court of Appeals.

    Affirmed.

    MICHAEL J. KELLY, P.J., dissented. He would hold that the
    sentence imposed is excessively severe and is not justified by
    anything contained in the record. He would set the sentence
    aside and remand for resentencing.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.
    A sentencing court may exceed the recommended guidelines
    sentencing range whenever it feels the sentencing range is
    inappropriate.

2. CRIMINAL LAW — SENTENCING.
    A sentencing court may consider separate criminal activity for
    which no conviction resulted.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES
Am Jur 2d, Criminal Law §§ 525 *et seq.*
See the Index to Annotations under Sentence and Punishment.

*Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *Edward L. Graham,* Assistant Prosecuting Attorney, for the people.

*John J. Cantarella,* for defendant on appeal.

Before: Michael J. Kelly, P.J., and Doctoroff and Cavanagh, JJ.

Doctoroff, J. Pursuant to a plea-bargain agreement, defendant pled guilty to delivery of less than fifty grams of a mixture containing a controlled substance, cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). He was sentenced to five to twenty years imprisonment. Defendant argues that it was an abuse of discretion for the trial court to exceed the recommended guidelines sentencing range and that his sentence should be modified to conform with the sentencing guidelines recommendation. We disagree and affirm.

Defendant claims that, because he had no prior record and because the sentencing guidelines recommendation was a minimum of six to twelve months, the trial court in sentencing defendant to five to twenty years imprisonment abused its discretion to the extent that it should shock our conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). A sentence is excessively severe when it far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it. *Coles,* pp 542-543.

Proper criteria for determining an appropriate sentence include (1) the disciplining of the wrongdoer, (2) the protection of society, (3) the potential for reformation of the offender, and (4) the deterring of others from committing like offenses. The

court may also consider the nature and severity of the crime committed, defendant's attitude, social and personal history, and defendant's previous criminal record. *Coles,* p 550; *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential. *People v Mack,* 112 Mich App 605, 612; 317 NW2d 190 (1981). The sentencing court may exceed the guidelines whenever it feels the sentencing range is inappropriate. *People v Johnson,* 164 Mich App 634, 645; 418 NW2d 117 (1987).

Our review of the record and sentencing transcript reveals that the trial court considered the proper criteria for sentencing and clearly articulated its reasons for departure both on the record and on the sentencing information report. The court was most concerned with the protection of society and the deterrence of others.

We do not find the sentence to be excessively severe in light of the plea bargain. Defendant was originally charged with three counts of delivering less than fifty grams of a mixture containing cocaine. A sentencing court may consider separate criminal activity for which no conviction resulted. *People v Miller,* 165 Mich App 32, 50-51; 418 NW2d 668 (1987). Our conscience is not shocked.

Affirmed.

CAVANAGH, J., concurred.

MICHAEL J. KELLY, P.J. *(dissenting).* I dissent. My conscience is shocked at the imposition of a minimum sentence five times the high-minimum recommended by the sentencing guidelines. This

sentence is excessively severe and is not justified by anything contained in the record furnished us.

The sentencing court's statement that the guidelines were being exceeded to deter others from like offenses lacks credence in view of the national persistence and proliferation of criminal controlled substances offenses. It might be as easy to deter the fish in the sea.

This sentence is disparate and I would set it aside and remand for resentencing.