PEOPLE v ST JOHN

Docket No. 200533. Submitted April 21, 1998, at Grand Rapids. Decided July 10, 1998, at 9:25 A.M. Leave to appeal sought.

Eugene A. St. John was convicted by a jury in the Calhoun Circuit Court, James C. Kingsley, J., of first-degree home invasion and involuntary manslaughter. The defendant was sentenced to consecutive prison terms of six to twenty years for the home invasion conviction and ten to fifteen years for the involuntary manslaughter conviction. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion by making the sentences consecutive. The home invasion statute, MCL 750.110a(6); MSA 28.305(a)(6), provides that a court may, in its discretion, order a term of imprisonment imposed for first-degree home invasion to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction. Contrary to the defendant's claim, this statute does not require that an information charging a person with first-degree home invasion give notice of the possibility of consecutive sentencing when another criminal offense arising from the same transaction is involved. The information against the defendant in this case complied with MCR 6.112(D) by providing notice of the maximum twenty-year sentence for first-degree home invasion.

2. The trial court erred in scoring a sentence for home invasion under the sentencing guidelines for breaking and entering. However, the error was harmless because the sentencing guidelines do not apply to home invasion.

3. The sentences imposed are not disproportionate. The sentence for involuntary manslaughter is within the sentencing guidelines range and is therefore presumptively proportionate. The sentence for first-degree home invasion is proportionate to the seriousness of that crime and the defendant's prior criminal record.

Affirmed.

1. SENTENCES — FIRST-DEGREE HOME INVASION — CONSECUTIVE SENTENCES.

A court sentencing a defendant convicted of first-degree home invasion and any other criminal offense arising from the same transaction may order that a term of imprisonment imposed for first-

degree home invasion be served consecutively to any term of imprisonment imposed for the other offense (MCL 750.110a[6]; MSA 28.305[a][6]).

2. CRIMINAL LAW — FIRST-DEGREE HOME INVASION — INFORMATIONS — CONSECUTIVE SENTENCES.

   The first-degree home invasion statute does not require that a defendant charged with first-degree home invasion and any other criminal offense arising from the same transaction be given notice in the information of the possibility that sentences of imprisonment could be consecutive (MCL 750.110a[6]; MSA 28.305[a][6]).

3. SENTENCES — CONSECUTIVE SENTENCES — PROPORTIONALITY.

   The cumulative length of consecutive sentences is not considered when determining the proportionality of the sentences; each sentence must be proportionate to the seriousness of the crime for which it was imposed and proportionate to the defendant's prior criminal record.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Susan Mladenoff*, Prosecuting Attorney, and *James B. Jenkins*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Desiree M. Ferguson*), for the defendant on appeal.

Before: CORRIGAN, C.J., and HOEKSTRA and YOUNG, JJ.

PER CURIAM. This case arises from defendant and a codefendant breaking and entering into a home with the intent to steal property and rob the elderly victim who lived there, codefendant's grandfather. A jury convicted defendant of involuntary manslaughter, MCL 750.321; MSA 28.553, and first-degree home invasion, MCL 750.110a(2); MSA 28.305(a)(2). The lower court sentenced defendant to ten to fifteen years' imprisonment for the involuntary manslaughter conviction and six to twenty years' imprisonment for the first-degree home invasion conviction. Pursuant to MCL 750.110a(6); MSA 28.305(a)(6), the court also

ordered that defendant serve the sentences consecutively. Defendant appeals as of right. We affirm.

Defendant raises three issues on appeal regarding his sentences. First, defendant argues that the lower court abused its discretion in imposing consecutive sentences because the information failed to provide him with notice of such penalty as required by MCR 6.112(D). The court rule states, in pertinent part, that the information "must set forth the substance of the accusation against the defendant and the name, statutory citation, and penalty of the offense allegedly committed." MCR 6.112(D). The information in this case stated that the penalty for the home invasion charge against defendant was "20 Years and/or $5,000.00," which is the maximum penalty for a first-degree home invasion conviction as provided at MCL 750.110a(4); MSA 28.305(a)(4).

In Michigan, concurrent sentencing is the norm, and a court may impose consecutive sentences only if authorized by statute. *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). Here, the statute prohibiting home invasion states that a court may, in its discretion, "order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.110a(6); MSA 28.305(a)(6); *People v Hill*, 221 Mich App 391, 394; 561 NW2d 862 (1997). The jury found that defendant's acts during the home invasion in this case rendered him guilty not only of first-degree home invasion, but also of involuntary manslaughter. Accordingly, the court exercised its discretion and ordered that defendant

consecutively serve the sentences for the two offenses.

To support his claim that a defendant must receive notice of the possibility of consecutive sentences, defendant analogizes the sentence enhancement provision of the home invasion statute to a provision of the habitual offender statutes, MCL 769.13; MSA 28.1085, which requires the prosecuting attorney seeking sentence enhancement to first accuse the defendant of the previous convictions. See *Brinson v Genesee Circuit Judge*, 403 Mich 676, 680-684; 272 NW2d 513 (1978); *People v Sunday*, 183 Mich App 504, 506; 455 NW2d 321 (1990). Likewise, defendant cites the habitual offender provision of the statute prohibiting driving while under the influence of intoxicating liquor or a controlled substance, MCL 257.625(14); MSA 9.2325(14), which requires the prosecuting attorney to provide notice of the intent to seek sentence enhancement and to list the defendant's prior convictions. See *People v Eason*, 435 Mich 228, 247, n 31; 458 NW2d 17 (1990). See also MCR 6.112(C) (regarding the time for filing a supplemental information charging the defendant with being an habitual offender).

Our primary goal in interpreting statutes and court rules is to ascertain and facilitate the intent of the Legislature. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994) (statutory interpretation); *People v Baker*, 215 Mich App 606, 610; 547 NW2d 62 (1996) (interpretation of court rules). The first criterion in determining legislative intent is the specific language of the statute. *People v Pitts*, 216 Mich App 229, 232; 548 NW2d 688 (1996). On its face, the home invasion statute is distinguishable from those statutes

cited by defendant. The home invasion statute does not contain a provision allowing the prosecutor to seek an enhanced sentence on the basis of defendant's prior convictions. Instead, the Legislature placed the decision of sentence enhancement within the court's discretion. The statute clearly states *"the court may* order a term of imprisonment . . . to be served consecutively." MCL 750.110a(6); MSA 28.305(a)(6) (emphasis added).

Thus, unlike the habitual offender statutes and the statute prohibiting driving while under the influence of liquor, the home invasion statute does not require a prosecutor to provide notice to a defendant that the court may order the defendant to serve his sentences consecutively. Here, the prosecutor complied with the requirements of MCR 6.112(D) by properly identifying in the information the maximum penalty for the conviction of first-degree home invasion as provided by statute. Had the Legislature intended for the prosecutor to provide notice to defendant of the possibility of consecutive sentences, the statutes defendant cites are evidence that the Legislature could have so included that requirement. We will not read anything into a statute that is not within the manifest intention of the Legislature as gathered from the act itself; rather, the Legislature is presumed to have intended the meaning it plainly expressed. *People v Tolbert*, 216 Mich App 353, 359; 549 NW2d 61 (1996). Accordingly, we are not persuaded by defendant's argument that the information in this case mandates our finding that the lower court abused its discretion in sentencing him. We find no abuse of discretion and no reason to order resentencing on this basis.

Second, defendant argues that the lower court abused its discretion in sentencing him for his home invasion conviction because the court miscalculated the sentencing guidelines for breaking and entering. We disagree. Although the court erred in applying the sentencing guidelines for breaking and entering to defendant's home invasion conviction, the error was harmless because the sentencing guidelines do not apply to all offenses and are inapplicable to home invasion. Michigan Sentencing Guidelines (2d ed, 1988), p 1; *People v Edgett*, 220 Mich App 686, 690; 560 NW2d 360 (1996). Moreover, a defendant is not entitled to have a sentence vacated on the basis of an alleged miscalculation of the sentencing guidelines score. *People v Mitchell*, 454 Mich 145, 176; 560 NW2d 600 (1997). Therefore, resentencing is not required on this basis.

Last, defendant argues that his sentences are disproportionate. We disagree. Our review is limited to determining whether the sentencing court abused its discretion by violating the principle of proportionality. *People v Milbourn*, 435 Mich 630, 635-636, 654; 461 NW2d 1 (1990). A sentence must be proportionate to the seriousness of the crime and the defendant's prior record. *Id.* Here, the lower court sentenced defendant to ten to fifteen years' imprisonment for the involuntary manslaughter conviction to be followed by six to twenty years' imprisonment for the first-degree home invasion conviction. In determining the proportionality of an individual sentence, this Court is not required to consider the cumulative length of consecutive sentences. *People v Miles*, 454 Mich 90, 95; 559 NW2d 299 (1997). Rather, our inquiry is whether each sentence is proportionate. *Id.*

Defendant's sentence for involuntary manslaughter is within the applicable sentencing guidelines range; therefore, it is presumptively neither excessively severe nor unfairly disparate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Defendant argues that the term of imprisonment is disproportionate because he was younger than codefendant, the alleged leader in the offenses, and only played a "minimal" role. However, a defendant's minimum culpability is not an unusual circumstance that overcomes the presumption of proportionality. *People v Daniel,* 207 Mich App 47, 54; 523 NW2d 830 (1994).

The maximum term of imprisonment defendant will serve for his first-degree home invasion conviction is twenty years, which is the maximum term provided in the statute. MCL 750.110a(4); MSA 28.305(a)(4). In so sentencing defendant, the court properly considered the trauma to the elderly victim's family, *People v Girardin,* 165 Mich App 264, 266-277; 418 NW2d 453 (1987), as well as the nature and severity of the crime, *People v Hunter,* 176 Mich App 319, 321; 439 NW2d 334 (1989), and defendant's criminal history, *People v Ross,* 145 Mich App 483, 495; 378 NW2d 517 (1985). The lower court did not abuse its discretion in sentencing defendant because the sentences are proportionate to the seriousness of the crimes and defendant's prior record.

Affirmed.