# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFREY W. ROOT,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2017

No. 329367
Ingham Circuit Court
LC No. 14-000975-FC

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant, Jeffrey W. Root, appeals as of right his conviction, following a jury trial, of first-degree criminal sexual conduct (CSC I), MCL 750.520b (victim under 13 years of age). The trial court sentenced Root as a second-offense habitual offender, MCL 750.520b(2)(b), to serve life in prison without the possibility of parole and imposed, among other costs, a $100 fine. We affirm Root's conviction and sentence, but vacate the unauthorized $100 fine.

## I. FACTUAL BACKGROUND

Root's friend Ronald Price testified that on a day that Root and Price were drinking alcohol at Price's home, Root took the eight-year-old complainant into the bathroom and was alone with her for over 20 minutes. After Root came out of the bathroom, he told Price that he was mentally ill and intended to commit suicide. Price called 911 immediately after Root left because Price believed Root had done something to the complainant. The complainant and a sexual-assault nurse examiner testified extensively about the complainant's penetrative injuries. Two additional young witnesses testified that Root had previously sexually assaulted them.

At the beginning of the fourth day of trial, the trial court questioned Juror Three about contact she had with the prior sexual assault witnesses outside the court. Juror Three stated that one of her friends was going to testify in a sexual assault case and she "told them that I was proud that they had the courage to come in." The juror said that she did not discuss the fact that she had talked to the witnesses with the other jurors, but she had mentioned to one other juror that her friend might have to testify.

Following Juror Three's testimony, the trial court indicated that it intended "to leave her on and dismiss her as one of the two [alternates] at the conclusion of the case." The trial court asked the attorneys if they had any objection, and both attorneys stated that they had no

-1-

objection. At the conclusion of the trial, before any deliberations took place, the trial court excused Juror Three.

At sentencing, in addition to sentencing Root to serve life in prison without the possibility of parole, the court also stated that it would assess, among other fees and costs, a "Fine, $100." This fine is reflected on Root's judgment of sentence.

## II. JUROR MISCONDUCT

Root argues that Juror Three's misconduct in speaking to witnesses outside the courtroom and the trial court's decision to wait until before deliberations to dismiss the juror, rather than dismissing her immediately, impaired his constitutional right to a fair and impartial jury. Root has waived review of this issue.

A waiver is an intentional abandonment or relinquishment of a known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). A defendant's express approval of the trial court's action "constitutes a waiver that *extinguishes* any error" and forfeits appellate review of a claimed deprivation of the right. *Id*.

In this case, the trial court asked the attorneys—including defense counsel—if they had any objections to its proposal to dismiss Juror Three before deliberations rather than immediately. The trial court indicated its concern that dismissing her immediately would "open up the flood gates" to other jurors not wanting to continue with the trial. Defense counsel stated he had no objections. Counsel's affirmative statement that he or she has no objections constitutes an express approval of the trial court's action. *People v Kowalski*, 489 Mich 488, 504-505; 803 NW2d 200 (2011). Accordingly, Root has waived any objection to the trial court's decision to dismiss Juror Three before deliberations. We conclude that Root has waived review of this alleged error.[1]

## III. IMPROPER FINE

Root contends that the trial court did not have authority to impose a $100 fine for his offense. We agree.

Root did not raise this issue before the trial court. Accordingly, we will review this unpreserved issue for plain error affecting Root's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error is plain if it is clear or obvious and it affects a defendant's substantial rights if it affected the outcome of the court proceedings. *Id*.

The language of MCL 750.520b(2) does not authorize imposition of a fine for violating the CSC I statute. Accordingly, the trial court lacks any authority to impose a fine for a first-degree criminal sexual conduct conviction. *People v Wesley*, 148 Mich App 758, 764; 384

---

[1] Even had Root not waived this issue, his argument on appeal lacks merit because there is no evidence that the juror discussed her extraneous conversation with the other jurors.

NW2d 783 (1985).  We conclude that this error was plain and affected the outcome of Root's sentencing.

We affirm Root's conviction, but vacate that portion of Root's sentencing imposing a $100 fine.  In all other respects we affirm Root's sentence.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray