PEOPLE *v* BELLANCA

Opinion of the Court

1. Criminal Law—Grand Jury—Witnesses—Transcripts—Disclosure.

Transcripts of testimony before a one-man grand jury of a witness, who is not a defendant in a criminal case, which transcripts are in the possession of the clerk of the Michigan Supreme Court can only be obtained upon application to and order of that Court (MCLA 767.6a).

2. Criminal Law — Grand Jury — Perjury — Witnesses — Transcripts — Due Process.

A defendant charged with perjury before a "one-man grand jury" must have access to the transcripts of the testimony of all witnesses for or against him given before the "one-man grand juror" in order to be accorded due process.

3. Criminal Law—Preliminary Hearing—Judicial Proceeding—Probable Cause—Critical Stage.

The preliminary hearing, in Michigan, is a judicial proceeding designed to establish probable cause that a crime has been committed and probable cause to believe the accused committed it and is a critical stage of our criminal process.

---

References for Points in Headnotes

[1, 2, 5, 6, 8, 9]  21 Am Jur 2d, Criminal Law § 331.
38 Am Jur 2d, Grand Jury § 36.
[3]  21 Am Jur 2d, Criminal Law § 442.
[4]  21 Am Jur 2d, Criminal Law §§ 313, 333 *et seq.*, 442.
Accused's right to assistance of counsel at or prior to arraignment.  5 ALR3d 1269.
[7]  21 Am Jur 2d, Criminal Law §§ 222, 309 *et seq.*
38 Am Jur 2d, Grand Jury § 34.
[10]  38 Am Jur 2d, Grand Jury §§ 39–41.

4. CONSTITUTIONAL LAW—STATUTES—CONFRONTATION OF WITNESSES
—ASSISTANCE OF COUNSEL—CRIMINAL LAW—PRELIMINARY EXAM-
INATION.

> Statutory provisions regarding preliminary examinations must
> be read in conjunction with the Michigan constitutional provi-
> sion that "In every criminal prosecution, the accused shall
> have the right  *  *  *  to be confronted with the wit-
> nesses against him;  *  *  *  to have the assistance of counsel
> for his defense" which accords a defendant the same assistance
> of counsel contemplated in the Sixth Amendment to the
> United States Constitution (US Const, Am VI; Const 1963,
> art 1, § 20; MCLA 766.1 *et seq.*).

5. CRIMINAL LAW—PRELIMINARY EXAMINATION—COUNSEL—GRAND
JURY—WITNESSES—TRANSCRIPTS—PRETRIAL DISCOVERY.

> Counsel must have access to the testimony of witness before the
> grand jury touching on matters in issue at the preliminary
> examination for counsel to be truly effective by being prop-
> erly prepared for cross-examination of the prosecution's wit-
> nesses as pretrial discovery of material which may be essen-
> tial to proper preparation of a defense is favored and dis-
> closure, rather than suppression of relevant materials ordi-
> narily promotes the proper administration of criminal justice.

6. CRIMINAL LAW—PRELIMINARY EXAMINATION—GRAND JURY—WIT-
NESSES—TRANSCRIPTS—PRETRIAL DISCOVERY—STATUTES.

> There is no reason why the accused should not have the tran-
> script of the testimony of any witness before a grand jury
> touching on the matter in issue at the preliminary examination
> where the legislature has provided that an accused shall be
> entitled to a transcript of his testimony before the grand jury
> and there is nothing in the statute permitting a construction
> limiting the right there conferred so that it may not be
> exercised before the preliminary examination (MCLA 767.6a).

7. CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL—GRAND JURY.

> The Michigan Supreme Court cannot condone the limitation of
> the constitutional right to the effective assistance of counsel
> in order to promote or preserve a grand juror's ongoing in-
> vestigation.

8. CRIMINAL LAW—GRAND JURY—WITNESSES—TRANSCRIPTS—PETI-
TION FOR TRANSCRIPT.

> A person accused of a crime by any grand jury has the right
> to a transcript of his testimony and such part of the records,
> including the testimony of other witnesses before the grand

jury, touching on the issue of his guilt or innocence of the crime charged; to obtain it he must petition the circuit court of the county wherein the grand jury was impaneled therefor.

9. CRIMINAL LAW—GRAND JURY—TRANSCRIPTS—PETITION FOR TRANSCRIPTS—STATUTES.

Upon receipt of a petition to the circuit court of the county wherein the grand jury was impaneled for a transcript of testimony before a grand jury, the circuit judge shall direct the person having custody of the records to deliver same to him and shall thereupon examine the record and supply that material requested to the petitioner and cause the rest of the records to be returned to the custody of the person from whom the judge obtained it; the provisions of the statute regarding the availability of testimony before a grand jury to a person indicted by such grand jury are superseded (MCLA 767.19g).

DISSENTING OPINION

BLACK, ADAMS, and T. E. BRENNAN, JJ.

10. CRIMINAL LAW—GRAND JURY—DISCOVERY—STATUTES.

Discovery of all the grand jury proceedings which may bear upon the guilt or innocence of one indicted by a grand jury is specifically prohibited by statute (MCLA 767.4, 767.4a, 767.6a).

Appeal from Court of Appeals, Division 1, Fitzgerald, P. J., and Levin and T. M. Burns, JJ., affirming Oakland, Arthur E. Moore, J. Submitted April 7, 1971. (No. 8 April Term 1971, Docket No. 52,660.) Decided March 3, 1972.

20 Mich App 1 affirmed in part, reversed in part.

Peter J. Bellanca was charged with having committed perjury before a one-man grand jury. Defendant's motion for an order requiring the production of transcripts of the grand jury testimony was denied. Defendant appealed to the Court of Appeals. Modified in part, affirmed in part. Defendant

appeals.   Affirmed in part, reversed in part, and remanded to trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert C. Goussy* and *Peter Houk,* Assistants Attorney General, for the people.

*Louis J. Colombo, Jr.,* for defendant.

T. G. KAVANAGH, J.   This is an appeal from the affirmance by the Court of Appeals of a trial court's order denying the defendant's motion for the production of the transcript of certain testimony given before a "one-man grand jury".

The defendant, an attorney at law, testified before the said "one-man grand jury" on August 10, 1967. He was questioned about his representation of a certain Ann Decker who had appeared before the "grand jury" on July 18, 1967 with the defendant. Ann Decker also appeared before the "grand jury" on August 4, 1967 without the defendant.

Under date of August 14, 1967 the "grand juror" ordered the issuance of a warrant for the arrest of the defendant so that he might be prosecuted for perjury and such warrant issued on that day.

Thereafter the defendant made a motion for discovery asking under MCLA 767.6a; MSA 28.946(1) for the full transcript of his evidence given before the "grand jury" on August 10, 1967; the full transcript of the testimony of Ann Decker on any date, asserting that such transcripts were necessary for his preparation for preliminary examination.

A hearing on the motion was had in the circuit court the judge held that the discovery requested, if necessary, should be granted only after the pre-

liminary examination established probable cause, and denied the motion.

The Court of Appeals modified the circuit court's order to direct the furnishing of a transcript of the defendant's testimony and affirmed the court's refusal to order the delivery of transcripts of Ann Decker's testimony.

For the Court of Appeals, Judge LEVIN has carefully analyzed and accurately stated the law and, in our view, correctly construed section 6a.

His observation that "transcripts of Ann Decker's testimony can only be obtained upon application to an order of the Supreme Court" is consonant with his construction of section 6a and is sound.

We explained in *People* v *Wimberly,* 384 Mich 62 (1970) why we have come to favor pretrial discovery of material which may be essential to proper preparation of a defense. We were there dealing with a traditional grand jury. Here we are dealing with the so called "one-man grand jury", and we deem it of equal importance.

We are persuaded that a defendant charged with perjury before a "one-man grand jury" must have access to the transcripts of the testimony of all witnesses for or against him given before the "one-man grand juror" in order to be accorded due process.

In Michigan the preliminary hearing is a judicial proceeding designed to establish probable cause that a crime has been committed and probable cause to believe the accused committed it. It is a critical stage of our criminal process.

The pertinent parts of our Code of Criminal Procedure, Chapter VI Examination of Offenders, MCLA 766.1 *et seq.*; MSA 28.919 *et seq.* provide:

"Sec. 1. The state and accused shall be entitled to a prompt examination and determination by the

examining    magistrate    in    all    criminal    causes
*   *   *   .

"Sec. 2. Whenever complaint shall be made to any magistrate   *   *   *   that a criminal offense not cognizable by a justice of the peace has been committed, he shall examine on oath the complainant and any witnesses who may be produced by him.

"Sec. 4. The magistrate before whom any person is brought on a charge of having committed an offense not cognizable by a justice of the peace *   *   *   shall examine the complainant and the witnesses in support of the prosecution   *   *   *   .

"Sec. 12. After the testimony in support of the prosecution has been given, the witnesses for the prisoner, if he have any, shall be sworn, examined and cross-examined and he may be assisted by counsel in such examination and in the cross-examination of the witnesses in support of the prosecution.

"Sec. 13. If it shall appear to the magistrate upon the examination of the whole matter, either that no offense has been committed or that there is not probable cause for charging the defendant therewith, he shall discharge such defendant."

These statutory provisions must be read in conjunction with the provisions in Const 1963, art 1, § 20 that "In every criminal prosecution, the accused shall have the right   *   *   *   to be confronted with the witnesses against him;   *   *   *   to have the assistance of counsel for his defense   *   *   *   ."

We read this last provision to accord a defendant the same assistance of counsel contemplated in the Sixth Amendment to the United States Constitution which was considered by the United States Supreme Court in *Coleman* v *Alabama,* 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970) wherein the Court observed:

"Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent

accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail."

We are convinced that to be truly effective, counsel must be properly prepared for cross-examination of the prosecution's witnesses and thus he must have access to the testimony of such witnesses before the grand jury touching on the matters in issue at the examination.

We believe the rationale of *People* v *Wimberly, supra,* has equal applicability here. "These developments are entirely consonant with the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." *Dennis* v *United States,* 384 US 855, 870; 86 S Ct 1840, 1849; 16 L Ed 2d 973, 984 (1966).

Here where the legislature has provided that an accused shall be entitled to a transcript of his testimony before the grand jury and as the Court of Appeals observed "There is nothing in the statute which permits a construction limiting the right there conferred so that it may not be exercised

before the preliminary examination   *   *   *   ." 20
Mich App 7 (1969). We perceive no reason why
the accused should not have the transcript of the
testimony of any witness touching on the matter
in issue at the preliminary examination.

The people argue that because a "one-man grand
juror" is not limited to finding probable cause in
individual cases, and his questioning of witnesses
may cover a broad range of activities not relevant
to a particular defendant, unlimited discovery of
witnesses' testimony could hamper the grand juror's
ongoing investigation. This simply underscores one
weakness of this unique procedure.

We cannot condone the limitation of the con-
stitutional right to the effective assistance of coun-
sel in order to promote or preserve this singular
procedure.

The constitutionality of a system whereby a *judge
accuses* a person of crime may not withstand our
re-examination. This question was neither briefed
nor argued in this case so we will not here consider
it. Until we do, we are obliged to limit our attention
to the questions raised.

We hold today that a person accused of a crime
by any grand jury has the right to a transcript of
his testimony and such parts of the record, includ-
ing the testimony of other witnesses before the
grand jury touching on the issue of his guilt or
innocence of the crime charged. To obtain it he
must petition the circuit court of the county wherein
the grand jury was impaneled therefor.

In order to implement the procedure for obtain-
ing custody of the material requested, we are today
publishing a court rule. The rule provides that
upon receipt of such petition the circuit judge shall
direct the person having custody of the records to
deliver same to him.

The circuit judge shall thereupon examine the record and supply that material requested to the petitioner and cause the rest of the record to be returned to the custody of the person from whom the judge obtained it.

The Bench and Bar are hereby advised that the provisions of MCLA 767.19g; MSA 28.959(7) are hereby superceded (See *Perin* v *Peuler* [on rehearing], 373 Mich 531, 541 [1964]).

It is our determination that there is a need for immediate action and accordingly we dispense with the notice requirements of GCR 1963, 933.

This cause is remanded to the trial court for further proceedings consistent with this opinion.

T. M. KAVANAGH, C. J., and SWAINSON and WILLIAMS, JJ., concurred with T. G. KAVANAGH, J.

T. E. BRENNAN, J. (*dissenting*). My Brother writes for a judicially declared rule that one indicted by a grand jury is entitled to discovery of all the grand jury proceedings which may bear upon his guilt or innocence. Marginally quoted are three sections of the statute, MCLA 767.4, 767.4a, and 767.6a; MSA 28.944, 28.944(1), 28.946(1).[1] The

---

[1] MCLA 767.4; MSA 28.944.

"Sec. 4. If upon such inquiry the judge shall be satisfied that any offense has been committed and that there is probable cause to suspect any person to be guilty thereof, he may cause the apprehension of such person by proper process and, upon the return of such process served or executed, the judge having jurisdiction shall proceed with the case, matter or proceeding in like manner as upon formal complaint. The judge conducting the inquiry under section 3 shall be disqualified from acting as the examining magistrate in connection with the hearing on the complaint or indictment, or from presiding at any trial arising therefrom, or from hearing any motion to dismiss or quash any complaint or indictment, or from hearing any charge of contempt under section 5, except alleged contempt for neglect or refusal to appear in response to a summons or subpoena. If upon such inquiry the judge shall find from the evidence that there is probable cause to believe that any public officer, elective or appointive and subject to removal by law, has been guilty

of misfeasance or malfeasance in office or wilful neglect of duty or of any other offense prescribed as a ground of removal, the judge shall make a written finding setting up the offense so found and shall serve said finding upon the public officer, public board or body having jurisdiction under the law to conduct removal proceedings against the officer.   The finding shall be a sufficient complaint as a basis for removal of said officer and the public officer, public board or public body having jurisdiction of removal proceedings against the officer shall proceed in the method prescribed by law for a hearing and determination of said charges.   Except in cases of prosecutions for contempt or perjury against witnesses who may have been summoned before the judge conducting such inquiry, or for the purpose of determining whether the testimony of a witness examined before the judge is consistent with or different from the testimony given by such witness before a court in any subsequent proceeding, or in cases of disciplinary action against attorneys and counselors in this state, any judge conducting the inquiry, any prosecuting attorney and other persons who may at the discretion of the judge be admitted to such inquiry, who shall while conducting such inquiry or while in the services of the judge or after his services with the judge shall have been discontinued, utter or publish any statement pertaining to any information or evidence involved in the inquiry, or who shall disclose the fact that any indictment for a felony has been found against any person not in custody or under recognizance, or who shall disclose that any person has been questioned or summoned in connection with the inquiry, who shall disclose or publish or cause to be published any of the proceedings of the inquiry otherwise than by issuing or executing processes prior to the indictment, or shall disclose, publish or cause to be published any comment, opinion or conclusions related to the proceedings of the inquiry, shall be guilty of a misdemeanor punishable by imprisonment in the county jail not more than 1 year or by a fine of not less than $100.00 nor more than $1,000.00, or both fine and imprisonment in the discretion of the court, and the offense when committed by a public official shall also constitute malfeasance in office.   The limitations, restrictions and penalties relating to the uttering, publishing or disclosing of any statement pertaining to any information or evidence, imposed by this section, do not apply to disclosures of information or evidence made by a judge conducting such an investigation to another judge concurrently conducting an investigation as provided in section 3.   Upon the termination of the inquiry if the judge shall make no presentment of crime or wrongdoing as to any person whose apprehension or removal from office he has not so caused, he may, in his discretion, with the consent of the person who may be named, file with the clerk of the county in which such inquiry has been conducted, a report of no finding of criminal guilt as to any person or persons involved in such inquiry, either as witness or otherwise, whose involvement in such inquiry has become public.

"No inquiry or proceeding under this chapter shall continue longer than 6 months unless extended by specific order of the judge or his successor for an additional period not to exceed 6 months.

"In the event any judge conducting such inquiry shall be unable to continue because of physical disability, disqualification, termina-

tion of office or death, the presiding circuit judge of Michigan shall appoint a successor."

MCLA 767.4a; MSA 28.944(1).

"Sec. 4a. It shall be unlawful for any person, firm or corporation to possess, use, publish, or make known to any other person any testimony, exhibits or secret proceedings obtained or used in connection with any grand jury inquiry conducted prior to the effective date of this act, except in the manner specifically provided herein, and also excepting any information heretofore disclosed before any investigating committee of the Congress of the United States or any agency of the federal government. Any person violating the provisions of this section shall be guilty of a felony."

MCLA 767.6a; MSA 28.946(1).

"Sec. 6a. On termination of any such inquiry lasting not more than 30 calendar days the docket, journal, reporters' notes, transcript and other record of such judge in such inquiry shall be sealed and filed with the clerk of the court having jurisdiction; and if lasting more than 30 calendar days shall be sealed and filed with the clerk of the supreme court of the state of Michigan, where it shall be held secretly in a separate container securely locked. Any person who shall violate the secrecy herein ordered as to such docket, journal, transcript and record shall be punished as provided in section 4 hereof. And the entire transcript and record as to any witness, and so far as material, including any grant of immunity, shall be available to such witness in connection with any appeal or other judicial proceeding where it may be relevant upon such witness filing a petition with the circuit court of the county in which he resides setting forth the proceeding for which such documents are sought and describing the portions of such transcript and record as to such witness only, which such witness requested for such appeal or proceeding; the judge of such circuit court shall issue an order upon the filing of such petition directed to the clerk of the supreme court of the state of Michigan or the clerk of the court, as the case may be, ordering such clerk to make available to such witness all such portions of the transcript and record as shall pertain to such witness and as set forth in the petition. The clerk shall immediately reseal the remaining transcript and records after compliance with such order. The petitioner shall execute to the clerk of the supreme court a receipt for such documents and such documents shall be returned to the clerk immediately upon the termination of such appeal or proceeding for which the same shall have been obtained: Provided, however, upon the petition of the prosecuting attorney of the county in which such inquiry was conducted, or any other interested person, any circuit judge, acting as such in said county, upon determining that there is no further need for preserving and retaining the same, shall enter an order providing for the referring to the supreme court, for the entry of such order or orders as a majority of the court may at any time determine, for the destruction of said transcripts, notes and records, or any part thereof: Provided further, That no such order shall be entered by such circuit judge until at least 6 years after the termination of such inquiry."

meaning of these statutes ought to be abundantly clear to anyone capable of reading and comprehending the English language.

The statutes specifically prohibit the kind of discovery my Brother would allow. His arguments based upon fairness, need and desirability are considerations which should be addressed to the people's representatives in the legislature. For better or for worse, the elected representatives of the people have adopted, and despite numerous challenges have opted to retain, a one-man grand jury procedure and have declared it to be secret. By what authority do judges arguing from desirability annul this product of the democratic process?

BLACK, J., concurred with T. E. BRENNAN, J.

ADAMS, J., concurred in the result.