PEOPLE v HAMPTON

Docket No. 104190. Submitted January 11, 1989, at Detroit. Decided April 4, 1989.

Robert Hampton pled guilty to a charge of larceny from a person and was sentenced to three years of probation with the first six months in the county jail, Detroit Recorder's Court, Leonard Townsend, J. Defendant was subsequently found to have violated a condition of probation following a hearing and was sentenced to six to ten years in prison. Defendant appealed, claiming that he received ineffective assistance of counsel at the probation violation hearing and sentencing, and that the trial court abused its discretion at sentencing.

The Court of Appeals *held:*

1. Counsel is presumed to have afforded effective assistance. This presumption can only be overcome by a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant. Under either one of two different standards of review laid out in *Strickland v Washington,* 446 US 668 (1984), and *People v Garcia,* 398 Mich 250 (1976), defendant in this case has failed to prove that he was denied effective assistance of counsel.

2. The trial court did not err in considering charges of armed robbery which were pending against defendant at the time of sentencing for the probation violation. A trial court has wide discretion in sentencing and may consider the defendant's other criminal activities, including those that have not resulted in conviction, where, as here, defendant is allowed a chance to refute the information.

3. The trial court did not abuse its discretion at sentencing to the extent that the sentence shocks the conscience of this Court. The sentence was within the limits prescribed by statute and it was proper for the trial court to consider defendant's failure to abide by the terms of his probation and his lack of rehabilitative potential.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.,* 985.

Court's right, in imposing sentence to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

GRIFFIN, J., concurred, but wrote separately to state that the state constitutional guarantee of the right to counsel is coextensive with the federal constitutional guarantee and that claims of ineffective assistance of counsel, whether based on the state constitution or the federal constitution, are more properly reviewed under the standard laid out in *Strickland v Washington, supra,* which superseded the standard on which *People v Garcia, supra,* was partly based.

1. CRIMINAL LAW — ATTORNEY AND CLIENT — ASSISTANCE OF COUNSEL.

   A defendant's trial counsel is presumed to have provided effective assistance to the defendant; to overcome this presumption the defendant must show that there was a failure to perform an essential duty owed by counsel to the defendant and that this failure was prejudicial to the defense.

2. CRIMINAL LAW — SENTENCING.

   A trial court has wide discretion in sentencing and may consider a defendant's other criminal activity that did not result in conviction if the defendant has a chance to refute the information.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Carolyn A. Blanchard,* for defendant on appeal.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

PER CURIAM. On February 24, 1984, defendant pled guilty to a charge of larceny from a person, MCL 750.357; MSA 28.589. On July 18, 1985, defendant was sentenced to three years probation with the first six months to be spent in the county jail. On January 5, 1987, a probation violation hearing was held and defendant was found guilty of violating a condition of his probation. On Janu-

ary 15, 1987, defendant was sentenced to six to ten years in prison. Defendant appeals as of right. We affirm.

Defendant first argues that he was deprived of his constitutional right to effective assistance of counsel at the probation violation hearing and at sentencing. Defendant maintains that defense counsel failed to adequately prepare for the probation violation hearing and was ineffective in failing to review the presentence report with defendant before sentencing.

Trial counsel is presumed to have afforded effective assistance. *People v Reinhardt,* 167 Mich App 584, 591; 423 NW2d 275 (1988). This presumption can only be overcome by a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant. The burden of proof is on defendant. *Id.*

In the present case, defendant did not sustain his burden of proving ineffective assistance of counsel. Based upon our review of the record, whether we follow *Strickland v Washington,* 446 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Dalessandro,* 165 Mich App 569; 419 NW2d 609 (1988), lv den 430 Mich 880 (1988); or *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977), we conclude that defendant was not denied the effective assistance of counsel.

Defendant next argues that the trial court impermissibly considered at sentencing the fact that defendant had two charges of armed robbery pending against him. The trial court has wide discretion in sentencing and may consider defendant's other criminal activity that did not result in conviction if defendant has a chance to refute the information. *People v Johnson,* 164 Mich App 634, 645; 418 NW2d 117 (1987). Defendant maintains

that he was not given an opportunity to refute the charges at the time of sentencing. We disagree. Our review of the record reveals that defendant was afforded allocution prior to the imposition of sentence but that defendant did not refute the charges of armed robbery. Thus, we find no error.

Defendant lastly argues that the trial court abused its discretion in sentencing to the extent that it should shock the conscience of this Court. We disagree. In this case, the trial court properly considered defendant's failure to abide by the court's probation orders and defendant's lack of rehabilitative potential as factors in imposing sentence. Furthermore, defendant's sentence was within the limits prescribed by statute. Thus, we find that the trial court did not abuse its discretion in sentencing to the extent that the sentence shocks the conscience of this Court. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.

GRIFFIN, J. *(concurring).* I concur in the result reached in this case, but write separately to express my opinion that the standards set forth in *Strickland v Washington,* 446 US 688; 104 S Ct 2052; 80 L Ed 2d 674 (1984), apply to all claims of ineffective assistance of counsel brought under either the Michigan Constitution or the United States Constitution. I find persuasive this Court's reasoning in *People v Dalessandro,* 165 Mich App 569; 419 NW2d 609 (1988), and the concurring opinion of Judge HARRISON in *People v Dalton,* 155 Mich App 591, 601-603; 400 NW2d 689 (1986). *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), which is often applied to state constitutional claims of ineffective assistance of counsel, is based solely upon federal grounds. Accordingly, I would hold that *Garcia* has been superseded by *Strickland.*

I

The right of a criminal defendant to assistance of counsel is guaranteed by the Sixth Amendment of the United States Constitution and by art 1, § 20 of the Michigan Constitution. The language of these two constitutional provisions is nearly identical.[1]

In *People v Bellanca*, 386 Mich 708, 713; 194 NW2d 863 (1972), the Michigan Supreme Court held that the state constitutional guarantee of the right to counsel is coextensive with the federal constitutional guarantee. Our Supreme Court stated:

> These statutory provisions must be read in conjunction with the provisions of Const 1963, art 1, § 20 that "In every criminal prosecution, the accused shall have the right . . . to be confronted with the witnesses against him; . . . to have the assistance of counsel for his defense. . . ."
> *We read this last provision to accord a defendant the same assistance of counsel contemplated in the Sixth Amendment of the United States Constitution . . . .* [Emphasis added.]

Although several panels of this Court[2] have held that *Strickland* governs federal constitutional claims while *Garcia* applies to state claims, this dichotomy is not mandated by the language of the state constitution, Michigan constitutional history, or the holdings in *Garcia.* Contrary to the assump-

---

[1] Const 1963, art 1, § 20 provides in part:
    In every criminal prosecution, the accused shall have the right . . . to have the assistance of counsel for his defense.
US Const, Am VI provides in part:
    In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.

[2] See, e.g., *People v Vicuna,* 141 Mich App 486; 367 NW2d 887 (1985), and *People v White,* 142 Mich App 581; 370 NW2d 405 (1985).

tion made by such panels, *Garcia* does not rest upon separate or independent state constitutional grounds. Rather, it is based upon federal case law which has now been overturned.

The Michigan Supreme Court in *Garcia* addressed a generalized claim of ineffective assistance of counsel. In dealing with this issue, the Court made no distinction between federal and state constitutional rights. Instead, our Supreme Court looked to federal case law and applied the now discarded standard laid out in *Beasley v United States,* 491 F2d 687 (CA 6, 1974). *Beasley* was overruled by the United States Supreme Court in *Strickland* and accordingly is no longer employed by the Sixth Circuit or other federal courts. Since the Michigan right to counsel is "the same assistance of counsel contemplated in the Sixth Amendment of the United States Constitution," *Bellanca, supra,* p 713, there likewise is no reason for Michigan courts to perpetuate *Beasley.*

II

The "second prong" of *Garcia* addressed the defendant's due process right to a fair trial. The opinion recognizes that the due process right to a fair trial may be violated by a serious mistake of counsel which prejudices the likelihood of an acquittal:

> However, even where assistance of counsel satisfies the constitutional requirements, defendant is still entitled to a fair trial. Defendant can be denied this right if his attorney makes a serious mistake. But a court should not grant a new trial unless it finds that but for this mistake defendant

would have had a reasonably likely chance of acquittal. [398 Mich 266.]

In analyzing the defendant's claimed violation of a fair trial, the Supreme Court cited with approval *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969):

"A claim that an adequate lawyer made a serious mistake does not raise the constitutional issue of right to counsel; *it does not involve the concept of 'effective assistance of counsel,'* it should not be measured against the sham trial standard which circumscribes the constitutional right." [Emphasis added. 398 Mich 266.]

The conclusion of *Garcia* makes it abundantly clear that the separate issues of ineffective assistance of counsel and the due process right of a fair trial were being addressed:

We conclude that the defendant was deprived of neither a fair trial or effective assistance of counsel. [*Id.*]

Accordingly, I conclude that the second prong of *Garcia* is not an ineffective assistance of counsel standard but rather a fair trial, due process requirement. Thus, only in those cases raising a due process, fair trial issue need the second prong of *Garcia* be addressed.

I concur in the result in this case on the grounds that the defendant has not sustained his burden of demonstrating a violation of the right to counsel under the standards of *Strickland v Washington.*