# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN BARNARD HICKS,

        Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 336702
Wayne Circuit Court
LC No. 16-007227-01-FC

Before: JANSEN, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of carjacking, MCL 750.529a, and two counts of armed robbery, MCL 750.529. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 30 to 45 years' imprisonment for each of the three convictions. We affirm.

This case arose from a carjacking at Universal Coney Island in Detroit on July 29, 2016. Rashia Randle and Dominque Scott were in Rashia's 2010 Buick LaCrosse in the parking lot when a white van parked behind her car, blocking her in. Randle testified that she saw defendant in the driver's seat of the white van in her rearview mirror. Then a passenger of the white van stepped out holding a gun, approached Randle's Buick, and demanded money and the vehicle. Randle and Scott left their personal belongings in the Buick and ran for cover. Randle ran in front of the white van and saw defendant in the driver's seat. Defendant reversed the white van and exited the parking lot, and the passenger exited the lot with Randle's Buick. Hours later, after a police chase, defendant and another person were found fleeing from Randle's Buick. Police chased defendant by foot and had to use a taser and pepper spray to place him under arrest. Defendant was found guilty of carjacking and armed robbery under a theory of aiding and abetting.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues on appeal that he was the denied effective assistance of counsel at trial because defense counsel failed to (1) object to the admission of the statement made to police because it was not written or signed by defendant; (2) move to strike Randle's faulty lineup and in-court identification of defendant; and (3) call a codefendant, Thomas Pollard, or alibi witnesses to testify. We disagree.

-1-

Claims of ineffective assistance of counsel are mixed questions of law and fact. *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015). "A judge must first find the facts, then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011) (quotation marks and citation omitted). This Court reviews the trial court's findings of fact for clear error and reviews questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289.

To establish ineffective assistance of counsel, a defendant must show: "(1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. A defendant must also show that the result that did occur was fundamentally unfair or unreliable." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). Effective assistance of counsel is strongly presumed, *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), and there is a presumption that counsel engages in "sound trial strategy," *People v Horn*, 279 Mich App 31, 40; 755 NW2d 212 (2008). The defendant has the burden of proof, and may overcome this presumption by showing that counsel failed to perform an essential duty and that this failure was prejudicial to the defendant. *People v Hampton*, 176 Mich App 383, 385; 439 NW2d 365 (1989). The "benefit of hindsight" may not be used to judge counsel's performance. *People v Unger*, 278 Mich App 210, 243; 749 NW2d 272 (2008).

Defense counsel has wide discretion regarding strategy at trial "because counsel may be required to take calculated risks to win a case." *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). This Court will not substitute its judgment for that of defense counsel concerning matters of trial strategy. See *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). The fact that a trial strategy fails does not automatically mean that its use constitutes ineffective assistance of counsel. *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008).

## A. ADMISSION OF DEFENDANT'S STATEMENT

Defendant alleges that defense counsel was ineffective for failing to object to the admission of a statement form filled out by Officer Clive Stewart regarding his interview with defendant. Defendant argues that it was improperly admitted because defendant did not write or sign it and it misrepresented his comments to the police officer.

Officer Stewart testified at trial that he interviewed defendant. Before the discussion, defendant was advised of his *Miranda*[1] rights, and defendant initialed and signed the waiver form. Officer Stewart testified that there were no indications that defendant was under the influence of drugs or alcohol at the time. Included in the statement form are defendant's answers to several questions asked by Officer Stewart. Defendant said that a codefendant had picked him up to go buy drugs. Regarding what happened at the Coney Island, defendant said, "He pulled

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

up on them. I really don't know what happened after that." Defendant said, "he came to pick me up in a vehicle. I don't remember. I was under the influence of heavy alcohol and drugs." Defendant admitted getting into the vehicle that was carjacked at the Coney Island. When asked why he got into the Buick when he knew that it was stolen, defendant responded, "[T]hat's all I remember about this incident."

Defendant alleges that defense counsel was ineffective for failing to object to the admission of this evidence because defendant did not sign the document.[2] But defendant fails to provide any legal authority for the proposition that omission of his signature rendered the document inadmissible. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009) (quotation marks and citation omitted). Defendant additionally argues that the statement form misrepresented what he said to Officer Stewart. But defendant does not indicate how it did so. We will not make defendant's arguments for him. *Id*. Defendant has not met his burden of establishing ineffective assistance of counsel. *Hampton*, 176 Mich App at 385.

## B. LINEUP AND IN-COURT IDENTIFICATIONS

Defendant argues that defense counsel was ineffective for not moving to strike Randle's identification at the live lineup because she said, at the time, that she was only 40% sure of her identification.[3]

Defense counsel stipulated to the admission of the live lineup form that was completed regarding Randle's identification of defendant. He then attempted to impeach Randle based on the inconsistencies between her preliminary-examination testimony and her testimony at trial, specifically related to her identification of defendant. For example, counsel elicited that at the preliminary examination, Randle testified that the passenger with the gun exited the white van from the passenger side, but the surveillance video demonstrated that he came from the driver's side. Counsel then used the "40%" figure in closing argument to further call into question Randle's identification of defendant. In other words, rather than try to strike the lineup evidence for being, as defendant puts it, "below a probable cause standard," counsel used the witness's

---

[2] Without specifically objecting, defense counsel *did* point out that defendant had refused to sign the document. The court noted that this did not preclude admission.

[3] At trial, she testified that she was 100% sure that defendant was the man she saw in the white van.

uncertainty from the lineup to argue a case of mistaken identification. This was a trial strategy that we will not second-guess. See *Horn*, 279 Mich App at 39.[4]

Defendant also argues that defense counsel should have objected to Randle's in-court identification for lack of an independent basis. "The need to establish an independent basis for an in-court identification arises where the pretrial identification is tainted by improper procedure or is unduly suggestive." *People v McElhaney*, 215 Mich App 269, 286; 545 NW2d 18 (1996). Defendant has put forth no evidence or argument that the lineup procedure was improper or that the lineup was unduly suggestive. In addition, "[t]he fact that the complainant's initial identification of defendant was tentative does not render her unequivocal identification at trial inadmissible. Rather, this was a credibility issue that was properly before the [trier of fact] to determine." *Id*. at 287 (citation omitted).

## C. WITNESSES

Lastly, defendant argues that his trial counsel was ineffective for failing to call various witnesses to testify on defendant's behalf.

The decision to present evidence or call a witness to testify is a matter of trial strategy that will not be second-guessed by this Court. *Horn*, 279 Mich App at 39. The failure to call a witness constitutes ineffective assistance of counsel only when it deprives the defendant of a "substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (quotation marks and citation omitted). "A defense is substantial if it might have made a difference in the outcome of the trial." *People v Hyland*, 212 Mich App 701, 710; 538 NW2d 465 (1995), vacated in part on other grounds 453 Mich 902 (1996).

Defendant contends that he had four alibi witnesses who should have been called to testify. He filed an affidavit stating that he was with four people at the time the crimes were committed, but there is no indication regarding (1) whether these people would have been willing to offer testimony or (2) what the specific content of their testimony would have been. In these circumstances, defendant has not shown that he was deprived of a substantial defense.

Defendant also contends that defense counsel should have called Pollard to testify, because Pollard indicated that defendant was innocent of the crimes. However, in ruling on defendant's motion for a new trial, the trial court specifically stated that it would "not have believed exculpatory evidence from Pollard . . . ."[5] In these circumstances, defendant has not established any outcome-determinative error. *Id*.

---

[4] Defendant appears to be making an argument that the pretrial lineup was "unduly suggestive," but he does not indicate how it was so, and we will not unravel his arguments for him. *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009).

[5] Pollard pleaded guilty in connection with the events surrounding the carjacking.

-4-

## II. WAIVER OF JURY TRIAL

Defendant next argues that his waiver of a jury trial was inadequate.

To preserve most issues, a party must object below. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). Defendant did not adequately raise this issue in the trial court.[6] Therefore, this issue is unpreserved. *Id*. This Court reviews an unpreserved constitutional issue for plain error affecting substantial rights. *People v Walker*, 273 Mich App 56, 65-66; 728 NW2d 902 (2006). The test is as follows:

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence. [*Id*. at 66 (quotation marks and citations omitted).]

A criminal defendant has a constitutionally guaranteed right to a jury trial. US Const, Am VI; Const 1963, art 1, § 20. However, a defendant may waive his right to a jury trial. MCL 763.3; MCR 6.401. According to MCR 6.402(A), the trial court may not accept a defendant's waiver until he or she has the opportunity to consult with a lawyer. MCR 6.402(B) provides:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

See also *People v Godbold*, 230 Mich App 508, 512; 585 NW2d 13 (1998). A defendant's waiver is presumptively valid if the trial court complied with MCR 6.402(B). *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003).

The parties appeared on the day set for a jury trial, and instead, the court was informed that defendant wanted to waive this right and have a bench trial. Defendant was represented by counsel at the hearing. Defendant stated that he wanted a bench trial and he wanted it to start right away, and he asked what the difference was between a bench trial and a jury trial. The trial

---

[6] We decline to consider defendant's complaints at sentencing regarding the waiver as being adequate to preserve the waiver issue.

court informed defendant that, in a bench trial, there was no jury, and the judge would hear the evidence and make a determination regarding defendant's guilt. Although defendant stated, "I don't know nothing. I'm lost[,]" this was related to defendant's assertion that he did not know how long the trial would last. Defendant asked the court for a few minutes to speak to his attorney, and the court obliged. Then defendant, under oath, stated that it was his signature on the jury-trial waiver form, no one threatened him or promised him anything to waive his right to a jury trial, and his waiver was done freely and voluntarily. The court specifically referred to defendant "giv[ing] up [his] rights[.]" The waiver form signed by defendant and his attorney provides:

> THE COURT FINDS:
> 1. The defendant/juvenile has been arraigned and properly advised of the right to a jury trial.
> 2. The defendant/juvenile has had an opportunity to consult with counsel.
> 3. Waiver occurred in open court as required by law.

The form also states: "I fully understand that under the laws of this state I have a constitutional right to a trial by jury." Given all the circumstances, we find no plain error. *Walker*, 273 Mich App at 66. Although defendant expressed some confusion, the trial court clarified the difference between a bench trial and a jury trial to defendant. There is no indication that defendant's waiver was unknowing or involuntary.[7]

### III. SENTENCING

Defendant argues that he received ineffective assistance of counsel because defense counsel did not object to defendant being sentenced as a fourth-offense habitual offender even though no notice of sentence enhancement was filed and no plea was taken or findings made regarding defendant's habitual-offender status.

MCL 769.13(1) requires the prosecution to file written notice of its intent to seek sentence enhancement based on habitual-offender status. "The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense . . . ." MCL 769.13(2). The original felony information and the amended felony information both contained the habitual-offender notice, and defendant makes no assertion that he failed to receive the information. Defendant was arraigned on the information on August 26, 2016, and the trial court noted at the arraignment that defendant was "hab four." Under the circumstances, there is no basis for concluding that defense counsel was ineffective for failing to object on the basis of notice.

---

[7] Although defendant does not discuss this in the argument portion of his brief for this issue, we note that, at sentencing, defendant asserted that defense counsel "promised" defendant that if he chose a bench trial, defense counsel could "beat the case." Defense counsel denied making such a statement, and the trial court believed him.

Defendant also claims that counsel should have objected to defendant's being sentenced as a fourth-offense habitual offender because defendant did not plead to this status and no findings regarding this status were made. MCL 769.13(4) and (6) provide a criminal defendant the opportunity to challenge the accuracy or constitutional validity of any prior convictions used for enhancement. "The defendant, or his attorney, shall be given an opportunity to deny, explain, or refute any evidence or information pertaining to the defendant's prior conviction or convictions before sentence is imposed, and shall be permitted to present relevant evidence for that purpose." MCL 769.13(6). The burden of establishing a prima facie showing that a prior conviction is inaccurate or constitutionally invalid lies with the defendant. MCL 769.13(6). Defendant's argument that he received ineffective assistance of counsel because defense counsel failed to object to his fourth-offense habitual offender status is without merit, given that defendant *does not even argue* on appeal that he was not in fact a fourth-offense habitual offender. Moreover, defendant acknowledged his fourth-offense habitual offender status at sentencing, stating, "You know, only thing I was doing was just trying to clear my name out the whole situation because I do recognize that I'm a fourth habitual and I was just out there doing good." Defendant's appellate argument is without merit.

Additionally, defendant argues that he must be resentenced because his sentences were unreasonable. Defendant was sentenced to concurrent sentences of 30 to 45 years' imprisonment for carjacking and two counts of armed robbery. Two offense variable (OV) scores were corrected at sentencing, so his total OV score was 50 points. The sentencing guidelines range for a fourth-offense habitual offender was 126 to 420 months' imprisonment. Defendant's minimum sentence of 30 years' imprisonment falls within the sentencing guidelines range. As stated in *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017), a sentence within the appropriate guidelines range is "presumptively proportionate . . . ." In addition, the Court in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), reaffirmed the continued application of the following language from MCL 769.34(10):

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

Defendant does not argue on appeal that there was any error in scoring the guidelines or inaccurate information relied upon during sentencing.[8] As such, there is no basis for resentencing.

---

[8] Defendant reiterates his argument that he should not have been subject to an habitual-offender enhancement, but that argument is without merit. Also, defendant objects that he received a longer sentence than Pollard's, but Pollard received the benefit of a plea bargain. The trial court specifically mentioned the plea bargain as a justification for defendant's receipt of a longer sentence.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens