*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BRIAN JOSEPH BACKUS,

      Defendant-Appellant.

UNPUBLISHED
May 21, 2019

No. 339726
Shiawassee Circuit Court
LC No. 16-008412-FC

Before: SWARTZLE, P.J., and M. J. KELLY and TUKEL, JJ.

PER CURIAM.

Defendant was convicted by a jury of five counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b) (victim less than 13 years old), and was sentenced by the trial court to serve concurrent terms of 50 to 75 years in prison. On remand from this Court, see *People v Backus*, unpublished order of the Court of Appeals, entered February 28, 2018 (Docket No. 339726), the trial court denied defendant's motion for new trial, which was based on claims of ineffective assistance of counsel. Defendant appeals as of right. We affirm.

## I. BACKGROUND

The complainant is defendant's adopted child. In January 2016, the complainant, who was 15 years old at the time of trial, gave his mother a letter he had written in which he stated that defendant had been sexually assaulting him for the past five years. The complainant testified at trial that defendant began forcing him to have anal and oral sex when he was about 8 years old, and that the assaults had continued until he was about 13 years old. The complainant's older brother likewise testified that when he was about 11 years old, defendant began touching his genitals and forcing him to have oral sex, and that when he got older, defendant forced him to have anal sex. The complainant's brother testified that defendant's assaults continued until the year before trial.

## II. ANALYSIS

Defendant initially raised several different arguments concerning the ineffective assistance of counsel. Defendant argued that his trial attorneys were ineffective because they

-1-

failed to file a motion to suppress his incriminating statements to police, failed to investigate exculpatory evidence, failed to consult a handwriting expert, and failed to object to testimony from the prosecutor's expert witness. At oral argument before this Court, however, defendant waived all of his ineffective-assistance arguments except two: the claim based on his trial attorneys' failure to file a motion to suppress incriminating statements, and the claim based on his trial attorneys' failure to object to testimony from the expert witness. We will not consider the arguments that defendant raised and subsequently waived. "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (cleaned up). As explained below, we conclude that defendant's remaining ineffective-assistance-of-counsel claims are without merit.

## A. STANDARD OF REVIEW

To establish a claim of ineffective assistance of counsel, a defendant must prove that defense counsel's performance was objectively unreasonable in light of prevailing professional norms and that, but for counsel's error, it is reasonably probable that the outcome would have been different. *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). Effective assistance of counsel is presumed, *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), and a defendant bears a heavy burden of proving otherwise, *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). In doing so, a defendant must overcome a strong presumption that the challenged conduct might be considered sound trial strategy. *People v Knapp*, 244 Mich App 361, 385-386, 386 n 7; 624 NW2d 227 (2001). A defendant can only overcome the presumption by showing that counsel failed to perform an essential duty and that the failure was prejudicial to defendant. *People v Hampton*, 176 Mich App 383, 385; 439 NW2d 365 (1989). Counsel's performance must be measured against an objective standard of reasonableness, *People v Payne*, 285 Mich App 181, 188, 190; 774 NW2d 714 (2009), and without benefit of hindsight, *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995). This Court "neither substitutes its judgment for that of counsel regarding matters of trial strategy, nor makes an assessment of counsel's competence with the benefit of hindsight." *People v Mutuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004).

Whether a defendant received ineffective assistance of trial counsel presents a mixed question of fact and constitutional law. *People v Grant*, 470 Mich 477, 484; 684 NW2d 686 (2004). "A judge must first find the facts, then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel." *Id.* This Court reviews the trial court's factual findings for clear error. *Id.* "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). We review questions of constitutional law de novo. *Grant*, 470 Mich at 485.

## B. MOTION TO SUPPRESS DEFENDANT'S STATEMENTS

Defendant argued during the *Ginther* hearing that his trial attorneys were ineffective for failing to request a *Walker* hearing to suppress the statements he made to police during his first interview. Defendant contends that his statements were inadmissible and should have been

suppressed because he did not receive *Miranda* warnings before he made the statements, even though he was subject to a custodial interrogation. Because we conclude that a reasonable person in defendant's position would have felt he was at liberty to end or leave the interview, defendant's statements were not made during a custodial interrogation and *Miranda* warnings were not required.

"It is well settled that *Miranda* warnings need be given only in situations involving a custodial interrogation." *People v Zahn*, 234 Mich App 438, 449; 594 NW2d 120 (1999). In determining whether a defendant was subjected to a custodial interrogation, this Court considers "the totality of the circumstances, with the key question being whether the accused reasonably could have believed that he was not free to leave." *Id*. Relevant factors to consider in making this determination include "the location of the questioning, its duration, statements made during the interview, the presence or absence of physical restraints during the questioning, and the release of the interviewee at the end of the questioning." *Howes v Fields*, 565 US 499, 509; 132 S Ct 1181; 182 L Ed 2d 17 (2012) (citations omitted).

Defendant asserted that his statements were made during a custodial interrogation because he was coerced into going to the police station and because he did not feel free to leave once he arrived there. According to defendant, when police officers arrived at his home to execute a search warrant, one of the officers "grabbed" him by the arm, pulled him to his patrol vehicle, forced him into the vehicle, and locked the door before driving him to the police station. Defendant also stated that he asked the officer whether he needed a lawyer several times, and was told that he did not. At the police station, according to defendant, the officer shut the door to the interview room and defendant believed that the door was locked.

The officer who conducted the initial interview with defendant testified that when he made contact with defendant, he asked defendant whether he was willing to "freely and voluntarily" come to the police station to have a conversation with him, and defendant agreed to do so. The officer testified that he offered to drive defendant to the police station and bring him home after the interview, but he also told defendant that he was free to drive his own vehicle. The officer claimed that defendant decided to ride with the officer; the officer denied that he locked the door to his patrol vehicle once defendant was inside. Additionally, the officer claimed that the door to the interview room at the police station could not be locked. A recording of the interview was admitted at trial. During the interview, the officer told defendant that he was free to leave at any time, and defendant acknowledged that he had agreed to come to the police station freely and voluntarily.

Although defendant claims that the police interview lasted for nearly two hours, the recording of the interview played at trial indicates that the actual length of the interview was 86 minutes, excluding a break. Even if defendant's assessment of the length of the interview is accurate, we do not agree that a two-hour interview would have caused a reasonable person to believe that he was unable to leave or unable to terminate the interview. Defendant acknowledged that he was not handcuffed by the officers before going to the police station, and there was no evidence that he was restrained in any way at the police station. The interviewing officer reiterated several times that defendant was free to leave at any point during the questioning, and that defendant would be going home at the end of the interview. In addition, during the break in the interview, defendant did not request to leave or end the interview. Based

on the totality of the circumstances, we conclude that a reasonable person in defendant's position would have felt he was at liberty to end or leave the interview. Therefore, defendant's statements were not made during a custodial interrogation and *Miranda* warnings were not required. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). The trial court did not clearly err by concluding that defendant's trial attorneys were not ineffective for failing to file motions to suppress his statements made during his interview with police.

## C. EXPERT-WITNESS TESTIMONY

Defendant next argues that trial counsel was ineffective for failing to object to testimony from the prosecutor's expert-medical witness that the complainant was sexually abused by defendant. We agree that this testimony was improper, but conclude that any error did not affect the outcome of the proceedings. Additionally, we do not agree with defendant's contention that trial counsel was ineffective for failing to object to the expert's testimony regarding statements made by the complainant during the medical examination.

The admission of expert testimony is governed by MRE 702, which provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In child-sexual-abuse cases, "(1) an expert may not testify that the sexual abuse occurred, (2) an expert may not vouch for the veracity of a victim, and (3) an expert may not testify whether the defendant is guilty." *People v Peterson*, 450 Mich 349, 352; 537 NW2d 857 (1995). In this case, the expert medical witness testified that in his opinion, the complainant was abused by defendant. This testimony clearly violated the holding in *Peterson* that "an expert may not testify that the sexual abuse occurred," and we agree that trial counsel should have objected to this testimony. In light of the overwhelming evidence of defendant's guilt, however, he cannot show that the outcome of the trial would have been different absent counsel's error. See *People v McGraw*, 484 Mich 120, 142; 771 NW2d 655 (2009). The prosecutor presented ample evidence that defendant committed the offenses, including defendant's own admissions during two police interviews, as well as the complainant's testimony and the "other acts" testimony of his brother. In light of this compelling evidence, it is not likely that the outcome of the proceeding would have been different, but for trial counsel's failure to object to the expert's testimony.

As for the expert's testimony regarding the complainant's description of the sexual assaults during the medical-history portion of the examination, defendant asserts that the testimony was not properly admitted under the medical-treatment hearsay exception, MRE 803(4), because the complainant's statements were made too long after the last alleged incident

had occurred to be considered trustworthy. Although statements made for purposes of medical treatment may generally be admitted under MRE 803(4), this Court has held that "[i]n cases of suspected child abuse, statements the child makes may be admitted under this exception when the totality of circumstances surrounding the statements supports that they are trustworthy." *People v Duenaz*, 306 Mich App 85, 95; 854 NW2d 531 (2014). Factors to be considered on the issue of trustworthiness include:

> (1) the age and maturity of the declarant, (2) the manner in which the statements are elicited (leading questions may undermine the trustworthiness of a statement), (3) the manner in which the statements are phrased (childlike terminology may be evidence of genuineness), (4) use of terminology unexpected of a child of similar age, (5) who initiated the examination (prosecutorial initiation may indicate that the examination was not intended for purposes of medical diagnosis and treatment), (6) the timing of the examination in relation to the assault (the child is still suffering pain and distress), (7) the timing of the examination in relation to the trial (involving the purpose of the examination), (8) the type of examination (statements made in the course of treatment for psychological disorders may not be as reliable), (9) the relation of the declarant to the person identified (evidence that the child did not mistake the identity), and (10) the existence of or lack of motive to fabricate. [*People v Meeboer (After Remand)*, 439 Mich 310, 324-325; 484 NW2d 621(1992) (citations omitted).]

In this case, the complainant was examined by the expert when he was 13 or 14 years old, and he testified that the last assault occurred when he was 13 years old. Therefore, there was some delay between the last-reported incident and the examination. Yet, according to the evidence presented, the complainant was mature enough at the time of the examination to describe what happened to him with clarity and detail, and there was no evidence that the statements were elicited through leading or improper questions. See *id*. The examination was initiated by Child Protective Services, not by the prosecutor, although it seems clear that the purpose of the examination was to investigate the allegations rather than strictly for medical diagnosis and treatment. *Id*. at 325. Based on the totality of circumstances surrounding the statements, a finding that the statements were trustworthy is supported by the record. *Duenaz*, 306 Mich App at 95. Moreover, in light of the overwhelming evidence presented against defendant, any error based on the admission of these statements did not affect the outcome of the proceedings. See *McGraw*, 484 Mich at 142. Defendant is not entitled to relief.

Affirmed.

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/Jonathan Tukel