*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee / Cross-
Appellant,

v

SHAWN DELANO BROWN,

        Defendant-Appellant / Cross-
Appellee.

UNPUBLISHED
July 25, 2019

No. 337860
Calhoun Circuit Court
LC No. 2010-001368-FC

Before: GLEICHER, P.J., and STEPHENS and O'BRIEN, JJ.

O'BRIEN, J. (*concurring in part and dissenting in part*)

I concur with most of the majority opinion. I only disagree that defendant's trial counsel was ineffective. I therefore respectfully dissent to that portion of the majority's opinion.

"In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Effective assistance is "strongly presumed," *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), and the defendant bears the burden of proving otherwise, *People v Hampton*, 176 Mich App 383, 385; 439 NW2d 365 (1989). Counsel's performance cannot be judged with the "benefit of hindsight." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

I disagree with the majority that this case is similar to *People v Ackley*, 497 Mich 381; 870 NW2d 858 (2015). In *Ackley*, defense counsel was initially given funds to retain an expert witness. *Id*. at 389-390. He engaged only one expert who told him that he "credited the prosecution's . . . theory and disagreed with defense's theory," but "advised counsel to consult" with Dr. Shuman "who not only was on the defendant's side of the [relevant] debate generally, but was significantly more likely to agree with the defendant's claim that the child's death in this case must have been accidental." *Id*. at 390. The expert said that Dr. Shuman was "more qualified" and "the best expert in these types of situations." *Id*. Defendant's counsel in *Ackley*

ignored this advice to consult with Dr. Shuman, which the *Ackley* Court held was objectively unreasonable. *Id*. at 390-392. The Court explained that "counsel's sparse efforts" failed to satisfy "his duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id*. at 391 (quotation marks and citation omitted).

In contrast, defense counsel here filed a motion for funds for the appointment of an expert and the motion was denied. Defense counsel, without funds, attempted to secure funds for an expert from defendant's family and friends. When that failed, defense counsel used his retainer funds to pay the consultation fees for two local experts that he found after asking other lawyers and forensic pathologists for names of doctors who could be helpful. Those two experts, however, told defense counsel that, after reviewing the medical records, they agreed with the prosecution's expert. Neither expert directed counsel to an expert who could testify favorably for defendant, nor did either expert suggest that, with more searching, defense counsel could find such an expert. On this record, I would hold that because (1) defense counsel consulted with two experts who both told him that they agreed with the prosecution's expert and (2) neither expert provided information that would alert defense counsel to the possibility that a different expert would provide favorable testimony, defense counsel satisfied his duty to make reasonable investigations. While defense counsel did not continue looking for an expert after consulting with the first two, he was not required to continue shopping for an expert until he found one who could offer favorable testimony. See *id*. at 392.

Further, unlike in *Ackley*, defense counsel here was versed in the technical subject matter critical to the case. Before trial, defense counsel spent much time familiarizing himself with the medical issues that would be relevant at trial. He contacted a vascular surgeon that he knew to educate himself about the medical terminology and help with some interpretation of the medical records. He also independently researched the medical issues at the University of Michigan's medical school library. Lastly, he spent time interviewing the prosecution's experts and ultimately determined that one of them—Dr. Beck—was helpful to his client's case. At trial, defense counsel elicited testimony from Dr. Beck that was, in fact, beneficial to defendant's case. This in turn supports that defense counsel was sufficiently equipped to challenge the prosecution's experts, like the trial court found. And as a result of counsel's efforts, defendant was not convicted of murder as charged, but of the less serious crimes of voluntary manslaughter and second-degree child abuse.

Based on defense counsel's efforts attempting to secure an expert and educate himself on the subject matter critical to this case, I would conclude that defense counsel provided objectively reasonable assistance, despite that he ultimately did not call an expert witness at trial.

The majority concludes that defense counsel was also ineffective because he failed to get the recording of Reinstein's interview with defendant admitted into trial. According to the majority, "[d]efense counsel had no plan for its admission and unreasonably relied on the acquiescence of the prosecutor." Yet as the majority acknowledges, defense counsel argued for the recoding's admission under three different rules of evidence. The majority also believes that defense counsel's performance was deficient because "[a]n argument could have been made for admission of the recording" under a fourth rule of evidence—MRE 803(3). Yet the majority does not conclude that the evidence would have in fact been admissible under this rule. See *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015) (explaining that defense

-2-

counsel's failure "advance a meritless argument . . . does not constitute ineffective assistance of counsel"). Regardless, in my opinion, neither defense counsel's repeated attempts to have the evidence admitted nor his failure to advance a fourth argument that could have been made for its admission amounted to an objectively unreasonable performance.

For these reasons, I respectfully dissent to the portion of the majority's opinion holding that defense counsel provided ineffective assistance.

/s/ Colleen A. O'Brien